EASTERN DIST.
*February*, 1840.

HILL & M'GUNNEGLE *vs.* BOWMAN.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT,
JUDGE BUCHANAN PRESIDING.

HILL
& M'GUNNEGLE
*vs.*
BOWMAN.

The judgment alone of this court must have .effect, and is the law, independently of any expression used *arguendo*.

A judgment, allowing part of the demand as *an ordinary debt*, is *in personam*, although the suit was, by attachment, for a privileged debt.

So, in a suit by attachment, the judgment is *in rem*, and *in personam* for the balance not covered by the property attached, on which a writ of *ca. sa.* may issue.

The defendant is appellant from a judgment discharging a rule, taken by him on the plaintiffs, to show cause why a writ of *ca. sa.*, which they had caused to be issued against him, should not be set aside. .

The original suit was brought by attachment of a steamboat, of which the defendant was part owner. He never appeared, and was represented by an attorney, appointed by the court. The plaintiffs had judgment, allowing their whole claim, but only part of it as a privileged one ; and it concludes by saying, "they have not shown themselves entitled to a privilege for the balance of their accounts, *but it is allowed as an ordinary debt.*"

The proceeds of the steam-boat, not proving sufficient to pay the entire judgment, the defendant, on coming to the city, was taken on a writ of *ca. sa.*, which issued in pursuance of this judgment.

The district judge discharged the rule on hearing the parties, from which the defendant appealed. ·

*Grymes* and *Benham*, for the appellant.

*Duncan*, contra.

*Martin, J.*, delivered the opinion of the court.

The defendant is appellant from a judgment, rejecting his claim to a discharge from imprisonment under a *ca. sa.*, issued ·

EASTERN DIST. in execution of a judgment of the District Court for the first
February, 1840. judicial district, affirmed on appeal by a judgment of this
court.   *See* 1 *Louisiana Reports,* 543.

HILL
& M'GUNNEGLE
*vs.*
BOWMAN.

His counsel has contended, that the writ of *ca. sa.* ought to
be quashed, because it issued on a judgment which had no
other object, and ought not to have any other effect than to
settle the relative rank and privileges of the claimants on the
steam-boat Oregon, (or its proceeds) of which the appellant
was part owner.   It is further urged, that the suit on which
judgment was given, was instituted by writ of attachment,
the appellant and his co-owners being non-residents; that
he did not appear in the suit, and that he was not otherwise
represented than by an attorney, appointed by the court, to
protect, as he contends, the property attached.

I. The first point is, whether judgment be in *personam.*
To show that it is not, we have been referred to our judgment
in confirmation, in which we say, " the District Court has
acted *only* on the privileges resulting from the nature of the
claims."   The district judge, in the judgment now appealed
from, has thought otherwise.

The judgment alone of this court must have effect, and is the law, independently of any expression used *arguendo.*

The original judgment affirmed by us absolutely, must
have its effect, independently of any expression used by this
court, *arguendo,* in affirming it.   It contains these words :
" They (plaintiffs) have shown themselves entitled to a
privilege for the balance of their account, *but it is allowed as
an ordinary debt.*"   The district judge has, therefore, correctly
concluded, that this allowance of a part of the plaintiff's
claim, without a privilege, was a judgment therefor against
the defendant in *personam.*

A judgment allowing part of the demand as an ordinary debt is in *personam,* although the suit was by attachment for a privileged debt.

II. The second point is, whether proceedings by attach-
ment are purely *in rem,* or *in personam* also.   On this part of
his defence, the defendant is supported by the authority of
Judge Story, who says, that such proceedings are " to be
treated, to all intents and purposes, as if the defendant has
never appeared and contested the suit, as a mere proceeding
*in rem,* and not personally binding on the party as a decree
or judgment *in personam.*"   *Story's Conflict of Laws, section*
549.   Judge Kent cites the case of Mayhew *vs.* Thatcher,

6 Wheaton, 129, in which, he says, the Supreme Court of the United States "seem to imply that a judgment in one state, founded on an attachment *in rem*, would not be conclusive evidence of the debt in other states, if the defendant had not personal notice of the suit, so as to enable him to defend it." 1 *Kent's Commentaries*, 262.

EASTERN DIST.
*February*, 1840.

HILL
& M'GUNNEGLE
*vs.*
BOWMAN.

This case, however, must be decided by our own codes. Our legislature has considered all persons, whether they were ever in this state or not, as amenable to our courts. The Louisiana Code, article 57, provides, that if a suit be instituted against an absentee who has no known agent in the state, or for the administration of whose property no curator has been appointed, the judge, before whom the suit is pending, shall appoint a curator, *ad hoc*, to defend the *absentee* in the suit." We have, also, a legislative definition of the word " absentee." " It includes persons who never were in the state, as well as those who, having resided in it, have removed from it." *Louisiana Code*, 3522, *No. 3.*

In the case of George *vs.* Fitzgerald, 12 Louisiana Reports, 604, we recognized the application of the word " absentee" to a defendant never having resided in the state. It is, therefore, clear, that our law recognizes the liability of defendants being brought into court without personal citation, or one at domicil by service of a citation, on a person appointed by the court to represent such defendant.

In a suit by attachment, the seizure of the defendant's property must soon be known to the person who had the care of it, and it is not probable that he will conceal it from the owner. Besides this, the law requires a citation to be served on the defendant, if possible. If this cannot be done, citations are to be posted up. If the defendant does not appear, the court must appoint an attorney to represent him, and defend the suit, on whom service of the petition is to be made. *Code of Practice, article* 256, 260. "Reasonable delay is to be given to such attorney to enable him to communicate with the party he represents." *Idem.*, 260.

So, in a suit by attachment, the judgment is *in rem*, and in *personam* for the balance not covered by the property attached, on which a writ of *ca. sa.* may issue.

In the case of service of citation on a curator, the proceedings cannot be *in rem*, and must necessarily be in

EASTERN DIST. *personam.* , In that of attachment, the law has taken much
February, 1840. greater care to afford notice of the suit to the defendant, and

it cannot be presumed that it intended a less security to the plaintiff.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.