## W. H. AVERY *v.* THE POLICE JURY OF IBERVILLE.

It is only when the terms of a judgment are of doubtful construction, that resort may be had to the pleadings or to the reasoning for judgment adduced by the court in obedience to the Constitution.

A judgment in these words, " *that the dam erected by plaintiff across the prong of the Bayou Paul, be torn down, and the prong be replaced in a state of nature,*" is not ambiguous.

A distringas against the plaintiff is not the proper mode of executing such a judgment ; as no other person is ordered by the judgment to do the work, it must be done by the Sheriff, as executive officer of the court.

APPEAL from the District Court of the Parish of Iberville, *Avery*, J. *George S. Lacy* and *H. M. Spofford*, for plaintiff and appellant. *R. & H. Marr*, for defendants.

BUCHANAN, J.   The question submitted to us on this appeal, is, whether the defendants are entitled to a writ of distringas against the plaintiff, as the proper mode of executing the final judgment rendered in the cause by this court, reported in the 12th Annual, 554.

The suit commenced by injunction.   The petition concluded by a prayer that the Police Jury of Iberville be restrained from enforcing an ordinance to establish a common drain through the point opposite the town of Plaquemine, called Manchac Point ; that the commissioners appointed by said ordinance be also restrained from exercising any of the powers upon them conferred by said ordinance or any part of the same ; that they be specially enjoined and forbidden to widen, deepen, or in any manner enlarge Bayou Paul, at any point above the lands of petitioner, *William H. Avery.*

The answer of the Police Jury concluded by a prayer, that the injunction be dissolved ; that the plaintiff be ordered to remove all obstructions by him placed in Bayou Paul, and specially, that he be ordered to remove the said dam erected by him across the left fork of said bayou.

The judgment of the District Court upon these conflicting demands, was as follows :

" It is ordered, adjudged and decreed, that the injunction sued out in this case, be dissolved, and that the dam erected by plaintiff on his plantation, across the prong of Bayou Paul, be torn down, and the same prong be replaced in a state of nature, and that the Police jury ordinance have full force and effect, and the work, as ordained by them, be made in accordance therewith, and that the plaintiff pay all costs."

This judgment was affirmed by this court.

The object of a writ of distringas is stated in Article 636 of the Code of Practice.   It is a mode of executing a judgment which orders that something shall be done, or that something shall not be done.   This writ issues against the party who is condemned by the judgment to do, or to refrain from doing, something specified in the judgment, says the Article.

In the present case, it is not perceived by this court, that the judgment which has been rendered, has *condemned* (in the language of Article 636) *Mr. Avery* to do, or to refrain from doing, any thing.

The judgment certainly orders a dam, erected by *Mr. Avery*, to be torn down ; but it does not order *Mr. Avery* to tear it down.   And this is the more remarkable, inasmuch as the defendants prayed, in their answer, that *Mr. Avery* should

be ordered to remove this dam. We feel bound to conclude, from the silence of the decree, (which is the judgment,) that this prayer of the answer was rejected by the court.

We agree with the District Judge, that where the terms of the judgment are of doubtful construction, resort may be had to the pleadings, and even to the reasons for judgment, which, by Article 72 of the Constitution, all courts are bound to adduce. 14 La. 446.

But here we find no ambiguity in the judgment. It is decreed "that the dam erected by plaintiff across the prong of the Bayou Paul be torn down, and the same prong be replaced in a state of nature." As no other person is ordered by the judgment to do this work, it necessarily follows that it must be done by the ordinary executive officer of the court, the Sheriff. C. P. 760.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed. And it is further decreed, that the rule for a distringas be dismissed, and that all costs incurred upon said rule, and upon this appeal, in both courts, be defrayed by the defendants and appellees.

LAND, J., absent.