No. 3520.—SUCCESSION OF JOHN McDONOGH.—On application of MOSES FOX for probate of codicil.

Isolated expressions used by a court in giving reasons for its judgment can not control the force and effect of a formal decree. A decree which pronounces a document claimed to be a codicil to a last will and testament a forgery, can not therefore be controlled, limited or qualified by expressions used by the court in giving its reasons for the judgment.

The plea of res judicata will be maintained where the suit is between the same parties and is founded on the same cause of action.

APPEAL from the Second District Court, parish of Orleans. Duvigneaud, J. R. King Cutler and E. K. Washington, for appellant. Semmes & Mott and George S. Lacey, for the cities of New Orleans and Baltimore, appellees.

TALIAFERRO, J. The appellant alleges that John McDonogh died in New Orleans in the year 1850, leaving a large fortune, which he disposed of by act of last will, constituting the cities of New Orleans and Baltimore legatees by universal title for a large part of his estate; that subsequent to the date of the testament by which these large bequests were made, McDonogh, by a codicil to his last will and testament, willed and bequeathed to the appellant the sum of three hundred thousand dollars, which he directed the trustees of his estate to pay to this legatee eight years after the decease of the testator; that in the year 1860 he instituted suit against the cities of New Orleans and Baltimore for the purpose of having the codicil or will under which he claims probated and executed, and to recover judgment for and payment of the sum aforesaid; that by decree of this court it was determined that the last act of will or codicil was not sufficiently

proved and established, and the decision was against him by a bare majority of the court. The appellant avers that the application now made to have the codicil probated and its provisions executed, is a revival of his former action, and forms a supplemental or additional petition to the one heretofore filed on the twenty-sixth of September, 1860. In the present action the applicant made the cities of Baltimore and New Orleans, by their proper representatives, parties, and prays that the codicil to the last will and testament of McDonogh be admitted to probate and an order rendered for its execution; that he be recognized as the nephew of John McDonogh and the person named in the codicil, and that he have judgment *in solido* against the cities of New Orleans and Baltimore for the sum mentioned, with interest, etc. The applicant for probate and execution of the codicil was met by each of the defendants with the exception of *res judicata*. That plea was sustained by the court *a qua*, and the suit dismissed. From this judgment the plaintiff has appealed.

The final decree of this court in the former case, and pleaded as *res judicata* in the present one, is found in 18 An. 419 *et sequentes*. It is contended on the part of the appellant that by the decision in that case the court did not pass upon the question of forgery which was directly charged by the defendants, and that it merely rejected the plaintiff's demand on the ground that he had not established the genuineness of the codicil with legal certainty, and that the decree should rather be regarded as of the nature of a nonsuit, and not as definitively settling the controversy.

We are unable to see the correctness of this view of the decision first rendered on the appellant's claim. A careful perusal of that decision leaves upon our minds a different impression. It seems to admit of no doubt, from the terms used by the court in announcing its conclusions from a review of the evidence, that it believed the codicil is a forgery, although it does not pronounce it to be such *eo nomine*. But it is well settled that isolated expressions, if there were such, intimating doubt in regard to the issue, can not control the decretal force of a formal judgment. The reasoning of the court *arguendo* is less to be regarded than the final conclusion announced. 14 La. 445; 19 La. 318; 10 An. 352.

We think all the conditions required to constitute *res judicata* meet in the present case. A judgment has been rendered between the same parties, acting in the same capacity, and the cause of action was the same. It was *inter easdem personas et eandem conditionem personarum*. That judgment was definitive against the plaintiff. The exception, we think, was properly sustained by the lower court, and the judgment is therefore affirmed.

Rehearing refused.