### ROSENTHAL v. DISTILLERS DISTRIBUTING CORPORATION et al.
### Civ. A. No. 3910.

United States District Court
N. D. Texas, Dallas Division.
April 12, 1950.

John L. Hauer, of the firm of Leachman, Matthews & Gardere, Dallas, Tex., for the application.

John F. Heard, of the firm of Baker, Botts, Andrews & Parish, Houston, Tex., opposed.

ATWELL, Chief Judge.

The defendants' motions to quash service, because not doing business in Texas, were sustained on March 20, without dismissing the case which was set on its merits, for June 21, 1950, and if no service is had it will then be dismissed without prejudice.

Several days after the service was quashed, the plaintiff secured from the clerk a writ of distringas, which commanded the marshal to seize certain personal property in an office in Dallas. That writ was improvidently issued by the clerk and the court suggested to the marshal that he should return it to the clerk, and the court notified counsel to that effect.

Distringas is a writ directed to the sheriff or marshal, commanding him to distrain one of his goods and chattels to enforce a compliance with what is required of him. It is also a writ sometimes issued against a party who is condemned by a judgment to do or to refrain from doing something specified in the judgment. It was, under the old common law in England, used to compel an appearance where the party could not be found, and, in equity, may be availed of to compel the appearance of a corporation aggregate. One of the old cases under this last thought is, Fielder v. Bambrick Bros. Const. Co., 162 Mo.App. 528, 142 S.W. 1111.

In the case under consideration, the court has not ordered the defendants to do anything. On the contrary, the court has held that the defendants are not bounden to do anything. They are not obligated to appear here and answer. From the order to quash the plaintiff had a right to appeal and unless the trial court is reversed, there is no order from the court which requires the defendants to do anything at all. In truth, they are protected from any such order. 27 Corpus Juris Secundum, Distringas, p. 492; Avery v. Iberville Police Jury, 15 La.Ann. 223; 18 C.J. 1385, note 2. They are non-residents and not doing business in Texas, nor in the Northern District of Texas. The testimony shows them to come within the class of such cases as Street & Smith Publications v. Spikes, 5 Cir., 120 F.2d 895; Stoke v. Peter Fox Brewing Co., D.C., 22 F.Supp. 892; Oyler v. Seeburg, D.C., 29 F.Supp. 927; Elliott v. Standard Steel Wheel &

Tire Armor Co., Tex.Civ.App., 173 S.W. 616; 18 Fletcher Cyclopedia Corporations 418; 1 Conflict of Laws, Beale, 371; Maury-Cole Co. v. Lockhart Grocery Co., Tex.Civ.App., 173 S.W. 262. The judgment of the court is, and has been, in their favor, and not against them in any sense.