## Bigler *versus* Flickinger.

1. A witness for defendant on cross-examination stated accurately the contents of letters; *held,* that the plaintiff could not in rebuttal give the letters in evidence.

2. The vendors of a patent-right, at the time of sale, made representations as to the machine which proved false, but gave no warranty. *Held,* that it was for the jury to say whether the representations were knowingly and fraudulently made.

3. The parties not being in a position of perfect equality to judge of the article, false representations of the seller would avoid the contract.

May 15th 1867. Before WOODWARD, C. J., THOMPSON and AGNEW, JJ. STRONG and READ, JJ., absent.

[Bigler *v.* Flickinger.]

Error to the Court of Common Pleas of *Cumberland county.*

This was an action of debt by John A. Bigler against Samuel A. Flickinger, to November Term 1866, on the following note:—

"Mechanicsburg, June 29th 1864.

" Ninety days after date I promise to pay to the order of John A. Bigler & Co. nine hundred dollars at the Harrisburg Bank; value received.

" SAMUEL FLICKINGER.

(Endorsed)   " SIMON C. BOWMAN,
             " JOHN A. BIGLER & CO.
             " JOHN A. BIGLER."

The defendant, under notice of special matter, gave in evidence a note under seal, dated June 2d 1864, from Flickinger to A. O. Gallup for $900, in 30 days with interest, and warrant of attorney to confess judgment. He also gave evidence that the above note was for a patent right for a churn, sold by Gallup & Hewitt to Flickinger and one Bowman; that at the time of the sale the vendors said the churn would make butter in from seven to ten minutes; he also gave evidence that the churn did not meet the representations, and was entirely worthless. There was evidence that Bigler called on Flickinger and Bowman to give a new note for the sealed note, that they refused; that Bigler threatened to sue them for obtaining money under false pretences, and they then gave him the note in suit. The defendant also proved notice to the plaintiff that he would be required on the trial to show what consideration he gave for the note.

On the cross-examination Bowman, who was a witness, stated the contents of letters written by him to Bigler. In rebuttal, the plaintiff offered the letters in evidence " to show that the witness had written what was inconsistent with his testimony."

The court rejected the offer, saying—

" Witness admitted he had written the letters, and did not deny anything in them; but admitted what he had written, so far as the letters had been read to him by plaintiff's counsel. They are therefore not evidence for the purpose offered."

The plaintiff excepted.

There was evidence that the plaintiff was a practising lawyer, and composed the firm of John A. Bigler & Co. There was no evidence that any consideration was given by the plaintiff for the note.

The following are the points submitted by the parties with the answers of the court (Graham, P. J.)

By the plaintiff:—

" 1. The special matter sets out the defence in this action, and all the proof in the case is, that the consideration was the sale of a patent right for making churns for several counties of this state;

[Bigler v. Flickinger.]

proof that particular machines were worthless, in no way invalidates the patent, the novelty and utility of which has not been attacked. The taking and retention of this patent right make a sufficient consideration for the original note, and also for the second note, and the plaintiff would be entitled to recover.

" Answer : We cannot answer this as requested. The evidence is, that the churns for which Gallup & Hewitt sold the patent were worthless and of little utility ; that butter could be churned sooner in the churns in use for many years than the churn in question. This is certainly an attack upon the utility of the patent, which the point assumes has not been attacked. We cannot, therefore, under the evidence in this case, say to you the plaintiff is entitled to recover.

" 2. If the first note was invalid and passed into the hands of a third party, and at its maturity that third party called upon the parties to pay, and they at the time having all the means of knowledge of fraud by the holder, offered in evidence during the trial, and with this knowledge gave the holder a new note strictly negotiable, and he delivered up to the parties the first note, and took the second at a longer time—this makes a good consideration, and the plaintiff is entitled to recover.

" Answer : Under the evidence in this case, and the circumstances alleged under which the second note was given, we cannot affirm this point. The evidence is, that the parties refused to give the second note until Bigler threatened to institute a criminal prosecution against Flickinger and Bowman for obtaining money by false pretences. If Bigler paid nothing for the first note, and he has not attempted to prove any consideration, and you find the first note was fraudulently obtained and without consideration, we do not see how Bigler could give validity to a fraudulent transaction by obtaining another note by a threat of a criminal prosecution, if Flickinger and Bowman refused to give the second note."

By the defendant :—

" 1. If the jury believe that the note in suit was given in renewal of a sealed note to Gallup, which was obtained by fraud, and for a worthless patent right, and there are suspicious circumstances about the manner plaintiff obtained said sealed note and the note in suit, and plaintiff has been notified to show on the trial the consideration he gave for said note, he cannot recover unless he has shown by proof that he holds said note by having given value therefor, and that he was without notice of the fraud and want of consideration in the original note.

" Answer : If the first note given to Gallup was fraudulently obtained by him from defendant, which passed into the hands of the plaintiff, and the consideration of the note in suit was the note to Gallup, which was given up by plaintiff when he obtained the note claimed in this action, and there are suspicious circumstances

about the manner plaintiff obtained both notes, and he has been notified to show on the trial the consideration he gave for the note to Gallup, and has failed to prove any consideration, then the plaintiff cannot recover.

" 2. If the note under seal, given by Flickinger to A. O. Gallup, on the 2d June 1864, was obtained by fraud, and was given for a worthless patent right, it was not recoverable in law in the hands of any one ; and if the plaintiff procured said note, and then procured the defendant to give him the note now in suit, —if that note has no other consideration than the note given by Flickinger to Gallup, although negotiable in form, if it was never negotiated, plaintiff cannot recover.

" Answer : We answer this in the affirmative. And more particularly would this be so if plaintiff gave no consideration to Gallup for the note placed in his hands. The plaintiff has been notified to show on the trial the consideration paid to Gallup, but has failed to show any consideration ; on the other hand, Mr. Bowman testifies that he told plaintiff he did not believe he gave a cent for the note, and plaintiff replied, ' That don't make any difference ; I hold the note ;' and the defendant, Flickinger, when called by the plaintiff as a witness, says that either Gallup or Hewitt asked him, after the note was in Bigler's hands, if it would be safe to leave that note for collection with Mr. Bigler."

The verdict was for the defendant.

The plaintiff removed the case to the Supreme Court, and assigned for error the rejection of the evidence offered by him, and the answers of the court to the points.

*Penrose, Hepburn* and *Smith,* for plaintiff in error, cited Ross on Vendors 335 ; 2 Kent Com. 484 ; Seixas *v.* Woods, 2 Caines 54–5 ; Holden *v.* Dakin, 4 Johns. 421 ; Davis *v.* Meeker, 5 Id. 354 ; Weimer *v.* Clement, 1 Wright 147 ; Bellas *v.* Hays, 5 S. & R. 440 ; Geiger *v.* Cook, 3 W. & S. 270 ; 2 Kent Com. 468 ; Milner *v.* Tucker, 1 Carr. & Payne 15 ; Groning *v.* Mendham, 1 Starkie 257 ; Fisher *v.* Samuda, 1 Camp. 193 ; Stouffer *v.* Young, 3 Wright 460 ; Crook *v.* Jadis, 5 B. & Ad. 909 ; Backhouse *v.* Harrison, 5 B. & Ad. 1098; Knight *v.* Pugh, 4 W. & S. 448 ; Kneass *v.* Schuylkill Bank, 4 W. C. C. R. 9 ; Gray *v.* James, 1 P. C. C. R. 402 ; Lowell *v.* Lewis, 1 Mass. 182 ; Alden *v.* Duey, 1 Story's R. 336.

*W. H. Miller, M. C. Herman* and *J. Ritner,* for defendant in error, cited Borrekins *v.* Bevan, 3 Rawle 23 ; Curtis on Patents, §§ 16, 28, 383 ; 1 Parsons on Bills 177–179, and notes 198, 165 ; Geiger *v.* Cook, 3 W. & S. 266 ; Hutchinson *v.* Boggs & Kirk, 4 Casey 294 ; Albietz *v.* Mellon, 1 Wright 367 ; Hoffman *v.* Foster & Co., 7 Id. 137.

[Bigler *v.* Flickinger.]

The opinion of the court was delivered, July 3d 1867, by

THOMPSON, J.—What the witness, Bowman, said on cross-examination, about the contents of certain letters written by him to the plaintiff, does not appear on the paper-books, but the learned judge, in his note, made on ruling against the offer of the letters, said they did not contradict the oral statements of the witness, and that he had admitted all that was contained in them, so far as the counsel had read the contents to him. In the absence of the testimony on the cross-examination, we must take this to have been the true state of the case; if so, it is manifest no contradiction would have been established by the letters, if admitted, and they were properly excluded. Consequently this error is not sustained.

We regret to be obliged to disapprove of the assignments of errors upon the answers of the court to the points. In § 7 of Art. IX. of the rules of this court, p. 319, Wright's Index, it is provided that "when the error assigned is to the charge of the court, the part of the charge referred to must be quoted *totidem verbis* in the specification." So the points upon which error is assigned must be set forth as written, and not in substance. These rules have been ignored, to a great extent, in this case, and we might dispose of it without further notice. We have, however, in order that no injustice might ensue to the party, overlooked the irregularity, and examined the complaints of error, but without finding any good cause for them.

The defence to the plaintiff's claim to recover, was failure of consideration, misrepresentation, fraud and duress. All this was matter for the jury, and, unless we are bound to say that no fraud can be committed in vending patent rights, there was no error in receiving the testimony to prove it, or in the manner in which it was submitted by the learned judge to the jury. The representation of what the churn would do proved utterly false; and although this was not a warranty in itself, yet it was for the jury to say, under all the circumstances, whether it was not a false representation, knowingly and fraudulently made. The parties were not in a position of perfect equality to judge of the article, and hence the representations of the seller, if falsely made, would avoid the contract. The jury found the falsity of the representations, and the worthlessness of the article, and this established a good defence.

There were circumstances enough given in evidence by the defence, to have required the plaintiff to have disclosed, if he could, that he was an assignee for value, of the single bill which was the consideration for the note in suit, and although he had notice that he would be called on to show this, he did not attempt it. I do not think, however, that this was a case requiring notice to prove the *bona fides* of the transaction. Supposing, however,

[Bigler *v.* Flickinger.]

that it was not, yet the answer of the court to the point claiming it to be so, was not erroneous. It was, that if the first note (single bill) was fraudulently obtained by the obligee, and passed to the plaintiff, and became the consideration for the new note, and the plaintiff failed to show that he paid anything for the original note, he could not recover. Whether he paid for the original note or single bill any consideration or not, it was void if a fraud. If he paid nothing for it, however, that circumstance would be very conclusive evidence that he could not recover, as there could be no property in what he paid nothing for, and it would remain the property of the original party. That the note in suit was drawn payable to John A. Bigler & Co. was no reason for the notice to prove a consideration, for it very clearly appeared that John Bigler, the plaintiff, was John A. Bigler & Co.

The whole circumstances of the case evince circumvention and fraud, and notwithstanding this appeared, the learned judge below administered the law of the case with commendable moderation and entire fairness, and the jury were in no wise misled into finding the verdict they did.

Judgment affirmed.