KEELER et al. v. FRED T. LEY & CO., Inc.
No. 2544.

Circuit Court of Appeals, First Circuit.
May 16, 1931.

Lothrop Withington, of Boston, Mass. (Edward C. Park and Withington, Cross, Proctor & Park, all of Boston, Mass., on the brief), for appellants.

Herbert Parker, of Boston, Mass. (Charles G. Gardner and William V. Baldwin, both of Springfield, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge.

This was an action for deceit in inducing the plaintiffs to enter into contracts. At the close of the plaintiffs' evidence the court ordered a verdict for the defendant. Under such circumstances, the plaintiffs were entitled to have their evidence considered in its aspect most favorable to them. Gray v. Davis, etc. (C. C. A.) 294 F. 57; Union Pacific R. R. v. Huxoll, 245 U. S. 535, 539, 38 S. Ct. 187, 62 L. Ed. 455; Myers v. Pittsburgh Coal Co., 233 U. S. 184, 34 S. Ct. 559, 58 L. Ed. 906.

There was evidence tending to show facts as follows: In the fall of 1927 the plaintiffs owned the vacant Keeler Hotel site, in Albany, N. Y. The business of the defendant had been, for a generation, the construction of public works and buildings, and the management of buildings owned by controlled subsidiary corporations. Its treasurer, principal stockholder, and chief executive was Fred T. Ley. It was an expert both in building and in the management of such properties.

In November, 1927, the plaintiffs negotiated with Ley for the sale of this vacant land at an agreed price of $1,010,000 upon the understanding that the defendant was to construct an office building thereon substantially like another building built by defendant in New York City. Ley had an estimate made of the cost of such a building, and told plaintiffs that the structural cost thereof would be not less than $850,000; that the Ley Company would continue to operate the completed building through its subsidiary, and would look to the common stock of such subsidiary for its profit; that the Ley Company would have an investment of $150,000 to $200,000 above a contemplated first mortgage of $850,000 on the completed property.

Accordingly, the plaintiffs deeded their land to the defendant's subsidiary—the Broadway-Maiden Lane Corporation—which executed a first mortgage for $850,000 to the First Trust Company of Albany, and a second mortgage for $870,000 to the plaintiffs. From the proceeds of the first mortgage, the plaintiffs were paid $140,000, and the building was erected by the defendant, at an actual cost of about $500,000. The defendant got as profit the balance of the proceeds of the first mortgage. The Broadway-Maiden Lane Company shortly defaulted on the interest on both mortgages as well as on the taxes. The plaintiffs were therefore constrained to pay the interest on the first mortgage and the taxes, and to foreclose their second mortgage.

Ley's representations that the building would cost not less than $850,000 and that his company would continue in the management thereof until it was on an income-producing basis were knowingly false.

Ley himself, called as a witness by the plaintiffs, testified specifically that, when the contract was made, he did not intend to cause his company to expend $850,000 on the contemplated building; that he fully expected to obtain a profit out of the proceeds of the first mortgage to be placed on the building; that "it was not his expectation or intention that there would not be any profit to the Ley Company out of the proceeds of the first mortgage. It is a fact that they obtained a profit from the proceeds of the first mortgage. It was not his expectation and intention * * * that his company would necessarily manage the business, either through direct ownership or through a subsidiary, until it was upon an income-producing basis."

These false representations were substantially repeated in January, 1928, in defendant's application to the Trust Company for the first mortgage of $850,000. There was abundant evidence that these false representations by Ley were believed and relied upon by the plaintiffs and induced them to deed their land to the defendant's subsidiary and to make a contract with the defendant for the erection of a building thereon, under financial arrangements above outlined.

Neither into the deed nor into this contract were inserted the representations made by Ley as to the cost of the building and its continued operation by defendant through its subsidiary. The defendant contends, and the court below apparently ruled, that all the rights and obligations of the parties were strictly limited by and to the terms of the contract itself. This was error. The correct rule was stated by the same learned District Judge in overruling the demurrer when he said: "The defendant demurred to the declaration, and stated as ground for demurrer that the statement of facts in the declaration showed that after the alleged misrepresentation had been made a contract was entered into which contained the entire agreement between the parties, and the parol evidence rule would not allow the plaintiffs to prove anything in variance with the contract. In my opinion this argument is unsound. * * * The parol evidence rule has no application, as this is not a suit on a contract but is an action of tort for deceit in fraudulently inducing the plaintiffs to enter into a contract."

874

It was no more necessary to set forth the inducing representations in the building contract than it was in the deed of the land. A party fraudulently induced to execute a deed is not remediless because the inducements thereto are not contained in the deed itself. Adams v. Gillig, 199 N. Y. 314, 319, 322, 92 N. E. 670, 32 L. R. A. (N. S.) 127, 20 Ann. Cas. 910; Ritzwoller v. Lurie, 225 N. Y. 464, 467, 122 N. E. 634.

The case is to be governed by the law of New York. James-Dickinson Co. v. Harry, 273 U. S. 119, 125, 47 S. Ct. 308, 71 L. Ed. 569; Huntington v. Attrill, 146 U. S. 657, 13 S. Ct. 224, 36 L. Ed. 1123.

The New York rule is well stated in Arnold v. National Aniline & Chemical Co. (C. C. A.) 20 F.(2d) 364, 369, 56 A. L. R. 4. We have no occasion to determine whether the law of Massachusetts is in any way different.

It is well settled that fraud may consist in asserting a belief or an opinion, when such belief or opinion is not entertained and the assertion is made in bad faith, with a design to mislead and deceive. See Milliken-Tomlinson Co. v. Am. Sug. Ref. Co. (C. C. A.) 9 F.(2d) 809, 815, and cases cited. Shackett v. Bickford, 74 N. H. 57, 59, 60, 65 A. 252, 7 L. R. A. (N. S.) 646, 124 Am. St. Rep. 933; Adams v. Gillig, supra.

In Vulcan Metals Co., Inc., v. Simmons Mfg. Co., 248 F. 853, 856, Judge Learned Hand, speaking for the Circuit Court of Appeals for the Second Circuit, said:

"An opinion is a fact, and it may be a very relevant fact; the expression of an opinion is the assertion of a belief, and any rule which condones the expression of a consciously false opinion condones a consciously false statement of fact. When the parties are so situated that the buyer may reasonably rely upon the expression of the seller's opinion, it is no excuse to give a false one. Bigler v. Flickinger, 55 Pa. 279. And so it makes much difference whether the parties stand 'on an equality.' For example, we should treat very differently the expressed opinion of a chemist to a layman about the properties of a composition from the same opinion between chemist and chemist, when the buyer had full opportunity to examine."

In Seven Cases v. United States, 239 U. S. 510, 517, 36 S. Ct. 190, 193, 60 L. Ed. 411, L. R. A. 1916D, 164, the court said:

"It is said that the owner has the right to give his views regarding the effect of his drugs. But state of mind is itself a fact,

and may be a material fact, and false and fraudulent representations may be made about it; and persons who make or deal in substances or compositions alleged to be curative are in a position to have superior knowledge, and may be held to good faith in their statements."

See, also, authorities cited in 239 U. S. page 518, 36 S. Ct. 190, 193. Cf. Gordon v. Butler, 105 U. S. 553, 558, 26 L. Ed. 1166; 3 Williston on Contracts, No. 1494; Kerr on Fraud and Mistake (5th Ed.) p. 51; Simar v. Canaday, 53 N. Y. 298, 306, 13 Am. Rep. 523; People v. Peckens, 153 N. Y. 576, 591, 47 N. E. 883; Edgington v. Fitzmaurice, L. R. 29 Ch. Div. 459.

The plaintiffs' evidence would warrant a finding of fraud. It tended to show that Ley not only intentionally misrepresented the actual estimate of the cost of the contemplated building; but also falsely stated his intention of staying with the project until the completed building was a financial success; and the defendant apparently derived from its fraud an immediate profit of nearly $200,000. Cf. Aaron's Reefs v. Twiss, L. R. (1896) A. C. 273, 285.

The ruling that the plaintiffs were barred by their contract was error.

The judgment of the District Court is reversed, with costs, and the case is remanded to that court for further proceedings not inconsistent with this opinion.