## JAMES-DICKINSON FARM MORTGAGE COM-PANY ET AL. *v.* HARRY.

ERROR TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ILLINOIS.

No. 40.   Submitted November 29, 1926.—Decided January 10, 1927.

1. Jurisdiction over a corporation of one State cannot be acquired in another State in which it has no place of business and is not found, merely by serving process upon an executive officer temporarily therein, even if he be there on business of the company. P. 122.

2. By common law, and under the Texas statute here involved (Comp. Stat. 1920, Title 62, Arts. a–c,) the liability of one who, personally or through agents, knowingly makes false statements with intent that another shall act upon them, does not depend upon the receipt of any benefit by himself. P. 122.

3. A statute making actionable as a fraud a false promise of future action, by which the other party is induced to enter into a contract, is within state power and not a violation of due process. P. 123.

4. A State constitutionally may make proof of one fact presumptive evidence of another rationally connected with it, and may shift the burden of proof. P. 124.

5. A state statute defining liability and regulating procedure in cases of fraud in transactions involving purchase of real estate or of stock in a corporation or joint stock company, does not violate the equal protection clause of the Fourteenth Amendment in not embracing other frauds. P. 125.

6. The fact that a state statute defining special classes of frauds allows recovery of exemplary damages up to twice the actual damages does not make it a penal law; and a cause of action arising under it may be enforced in a federal court in another State where, though there be no statute of similar import, there is no public policy against it. So *held* of a statute adding no extraordinary feature to the common law liability for fraudulent misrepresentations, and in the absence of any showing that substantial justice between the parties could not be done consistently with the procedure and practice of the federal courts in the second State. P. 125.

Reversed in part, affirmed in part.

ERROR to a judgment in the District Court, in Illinois, on a verdict for the plaintiff, in an action for common law and statutory frauds committed in Texas in a sale of lands.

*Mr. George F. Rearick* for the plaintiffs in error, submitted.

*Mr. William M. Acton,* with whom *Mr. Walter T. Gunn* was on the brief, for the defendant in error, submitted.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This action was commenced in an Illinois court by Mrs. Harry, a citizen of that State, against Dickinson, a citizen of Texas, and James-Dickinson Farm Mortgage Company, a Missouri corporation. The defendants removed the case to the federal court on the ground of diversity of citizenship. Dickinson, who had been served personally within Illinois, pleaded to the merits. The Company, upon whom service had been made by reading and delivering the summons to Dickinson, " as its president," while he was temporarily in Illinois, challenged the jurisdiction of the court over it. This objection was overruled; and it also filed pleas to the merits. The case was then tried, as against both defendants, before a

jury; the plaintiff got a verdict; and judgment was entered thereon.   Because of a claim that rights guaranteed by the Fourteenth Amendment had been denied them, a direct writ of error was allowed under § 238 of the Judicial Code, before the amendment of February 13, 1925.

The action is in tort to recover damages resulting from false representations by which the plaintiff was induced to purchase while in Texas a tract of land located there. The declaration contains two counts, the first based on the common law liability, the second on a statute of that State.   Act of March 11, 1919, c. 43, General Laws, p. 77; Compl. Stat. Tex. 1920, Title 62, Articles 3973, a, b, c, p. 639.   Dickinson was vice-president and treasurer of the defendant corporation and also of two other allied corporations.   He together with James, the president of the corporations, owned 90 per cent. of their stock.   It was charged that these corporations were the instruments through which the fraudulent scheme was carried out. The device employed in effecting the sale was the taking of the plaintiff and other alleged victims from the North in mid-winter by a special Pullman from Kansas City to Brownsville, near which the land lies, and securing signatures from all on the spot.   There was evidence to show that the people in charge of the party made materially false statements concerning the quality of the land sold. Dickinson did not then talk personally with the plaintiff. But he was present on the occasion; heard the false statements then made; took direct part in sales then made; and later personally induced the plaintiff to anticipate the payment on notes given as part of the purchase price.

In the course of the trial a multitude of requests for rulings made by the defendants were denied.   Many other rulings to which they objected were given.   Exceptions were duly taken.   As the case is properly here on constitutional grounds, the jurisdiction of this Court extends

to a review of all questions. *Chaloner* v. *Sherman,* 242 U. S. 455, 457.. All have been considered. Only a few require discussion.

*First.* The objection to the jurisdiction over the corporation was taken by a plea in abatement. The decision thereon was made upon a demurrer to the replication. By these pleadings it was admitted that the residence and principal place of business of the corporation was in Missouri; that it had never been a resident of Illinois; that Dickinson, its president, was in Illinois on business of the corporation at the time of the service; but that it had not engaged in, or carried on, business within the State. Jurisdiction over a corporation of one State cannot be acquired in another State or district in which it has no place of business and is not found, merely by serving process upon an executive officer temporarily therein, even if he is there on business of the company. *Philadelphia & Reading Ry. Co.* v. *McKibbin,* 243 U. S. 264; *Rosenberg Bros.* v. *Curtis Brown Co.,* 260 U. S. 516; *Bank of America* v. *Whitney Central National Bank,* 261 U. S. 171; *Lumiere* v. *Wilder,* 261 U. S. 174, 177. The objection to the jurisdiction over the corporation should have been sustained. As it was not waived by the later proceeding in the case, the judgment against this defendant is reversed with directions to dismiss the action as to it. This reversal does not require that the judgment be reversed also as to Dickinson. Compare *Camp* v. *Gress,* 250 U. S. 308, 317.

*Second.* It is contended, on several grounds, that the statute violates the due process clause. One ground is that the statute includes among the persons jointly and severally liable for the actual damages " all persons deriving the benefit of said fraud." This provision is said to be unconstitutional. The argument is that thereby the State undertakes to fix a liability for damages regardless of participation in the wrong, so that where a corporation

has received the money arising from a fraudulent sale, every stockholder becomes liable for the tort; and that by making the liability joint and several, the statute makes one person liable for the wrong of another, although there was neither participation in nor ratification of it, nor even knowledge. At common law every member of a partnership is subject to such a liability, *Strang* v. *Bradner,* 114 U. S. 555; *McIntyre* v. *Kavanaugh,* 242 U. S. 138, 139; and often stockholders of corporations are made similarly liable by statute. Compare *Thomas* v. *Matthiessen,* 232 U. S. 221, 235; *Buttner* v. *Adams,* 236 Fed. 105. The case presented by the pleadings and the evidence, so far as Dickinson is concerned, is, however, a very different one from that suggested. He is not sued as stockholder; and the count on the Texas statute does not charge him with full liability for the loss suffered, because as stockholder he received some benefit. It charges specifically that " the defendants, and each of them, derived the benefit of the fraud and deceit." And their liability is sought to be enforced primarily because " they represented themselves to the plaintiff to be the owners " of the large tract of land; and cheated her " through their authorized agents." If Dickinson, either personally or through agents, made knowingly false statements with intent that the plaintiff should act upon them, his liability, either at common law or under the statute, would not depend upon the receipt of any benefit by him. See *Nevada Bank* v. *Portland Nat. Bank,* 59 Fed. 338; *Hindman* v. *First Nat. Bank,* 112 Fed. 931, 944–945; *Goldsmith* v. *Koopman,* 140 Fed. 616, 621; *Talcott* v. *Friend,* 179 Fed. 676, 680. There was in the evidence ample support for a finding of such deception.

Another contention is that the statute violates the due process clause in providing that actionable fraud shall exist not only when there is " a false representation of a past or existing material fact," but also if there is a " false

promise to do some act in the future which is made as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into said contract, . . ." The contention is groundless. To modify the substantive and procedural law so that recovery may be had in tort for a breach of contract, is well within the power of a State. An action for deceit was long the sole remedy for a breach of warranty, and it still lies in some jurisdictions. See *F. L. Grant Shoe Co.* v. *Laird,* 212 U. S. 445, 449; *Nash* v. *Minn. Ins. & Trust Co.,* 163 Mass. 574, 587; *Carter* v. *Glass,* 44 Mich. 154. Recovery in contract on a tort that is waived is common. See *Crawford* v. *Burke,* 195 U. S. 176, 194. Here, moreover, no such change is brought about by the statute. Some courts have long recognized that a false promise is a species of false representation for which there is remedy in tort, *Church* v. *Swetland,* 243 Fed. 289, 294–295; *Wright* v. *Barnard,* 248 Fed. 756, 775; as, for instance, where goods are obtained on credit by a purchaser who does not intend to pay for them. See *Burrill* v. *Stevens,* 73 Me. 395; *Stewart* v. *Emerson,* 52 N. H. 301.

It is also contended that the statute violates the due process clause by providing that whenever a promise thus made has not been complied with by the party making it within a reasonable time, "it shall be presumed that it was falsely and fraudulently made, and the burden shall be on the party making it to show that it was made in good faith but was prevented from complying therewith by the Act of God, the public enemy or by some equitable reason." This contention also is groundless. It is well settled that a State may consider proof of one fact presumptive evidence of another, if there is a rational connection between them, *Hawes* v. *Georgia,* 258 U. S. 1, 4, and also that it may change the burden of proof, *Minn. & St. L. R. R. Co.* v. *Minnesota,* 193 U. S. 53. Moreover,

the lower court gave no charge based upon this provision of the statute. And it is at least doubtful whether this provision should be construed as applying to actions brought outside Texas.[1]

*Third.* It is claimed that the Texas statute violates the equal protection clause of the Fourteenth Amendment because it applies only to fraud in transactions involving the purchase of real estate or of stock in a corporation or joint stock company. The contention is clearly unfounded. A statute does not violate the equal protection clause merely because it is not all-embracing. *Zucht* v. *King,* 260 U. S. 174, 177. A State may direct its legislation against what it deems an existing evil, without covering the whole field of possible abuses. *Farmers & Merchants Bank* v. *Federal Reserve Bank,* 262 U. S. 649, 661. The occasion of the legislation is indicated by the urgency provision of the statute which recites " that there are now in this state a number of fraudulent land schemes and that a great number of citizens of this State have been defrauded thereby."

*Fourth.* It is urged that a federal court for Illinois should not enforce the liability under the Texas statute, because Illinois has not enacted a statute of similar import. The general rule is that one State will enforce a cause of action arising under the laws of another; that a federal court of any district will enforce a cause of action arising under the law of any State; but that ordinarily the courts of one government will not enforce the penal laws of another. The argument is that the Texas statute is a penal law, because it provides: "All persons knowingly

---

[1] See *Pritchard* v. *Norton,* 106 U. S. 124, 129–136; *Richmond & D. R. R. Co.* v. *Mitchell,* 92 Ga. 77; *Chicago T. T. R. R. Co.* v. *Vandenberg,* 164 Ind. 470; *Jones* v. *C. St. P. M. & O. Ry. Co.,* 80 Minn. 488, 490–491; *Pennsylvania Co.* v. *McCann,* 54 Ohio St. 10, 17–18. Compare *Hoadley* v. *Northern Transp. Co.,* 115 Mass. 304; but see *Hartmann* v. *Louisville & N. Ry. Co.,* 39 Mo. App. 88, 98–101.

and willfully making such false representations or promises or knowingly taking advantage of said fraud shall be liable in exemplary damages to the person defrauded in such amount as shall be assessed by the jury not to exceed double the amount of the actual damages suffered." Exemplary damages are recoverable at common law in many States. A statute providing for their recovery by and for the injured party is not a penal law. *Huntington* v. *Attrill,* 146 U. S. 657, 666–683. Compare *Atchison, T. & S. F. Ry.* v. *Nichols,* 264 U. S. 348, 350–351. No reason appears why the cause of action arising under the Texas statute should not be enforced in Illinois. The Texas statute as applied in this case does not add any extraordinary feature to the common law liability for fraudulent representations. There is nothing in the public policy of Illinois with which the statutory cause of action is inconsistent. It is not shown that substantial justice between the parties cannot be done consistently with the forms of procedure and the practice of the federal courts for Illinois.

> *Reversed as to James-Dickinson Farm Mortgage Co.*
> *Affirmed as to A. D. Dickinson.*