## CONSOLIDATED TEXTILE CORP. *v.* GREGORY, JUDGE

No. 587. Argued March 22, 1933.—Decided April 10, 1933

*Mr. Eldon Bisbee,* with whom *Messrs. H. G. Pickering, Bertram F. Shipman, Louis A. Lecher,* and *Suel O. Arnold* were on the brief, for appellant.

*Mr. Morris Karon,* with whom *Mr. Walter L. Gold* was on the brief, for appellee.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

By an original proceeding in the Supreme Court of Wisconsin appellant unsuccessfully sought a writ commanding the Judge of the Circuit Court of Milwaukee County to desist from further proceedings in the cause instituted against it by Katherine Gold to recover principal and interest of certain bonds then in default. The

petition disclosed the circumstances under which the original summons and complaint were served upon the president of the corporation and alleged that although the Circuit Court had not acquired jurisdiction it was about to enter judgment contrary to the inhibition of the XIV Amendment.

An alternative writ issued. The trial Judge, appellee here, made a return in which he incorporated the evidence relied on to sustain his conclusion that jurisdiction had been acquired through service of summons as authorized by statute. The Supreme Court ruled that the statute—Wisconsin Statutes, (1931) § 262.09—had been properly construed and applied; also that there was nothing to show conflict with the Federal Constitution. Accordingly the prayer for relief was denied. The validity of the statute was adequately challenged; the matter is here by appeal.

In the circumstances we must ascertain for ourselves the facts disclosed by the record. *Philadelphia & Reading Ry. Co.* v. *McKibbin*, 243 U.S. 264; *Truax* v. *Corrigan*, 257 U.S. 312, 324, 325. These appear from the pleadings and three affidavits presented in the trial court on the motion to vacate service of the summons—one by Frederick Rupprecht in support of the motion and two in opposition by Walter L. Gold and Morris Karon.

It appears:

The Consolidated Textile Corporation is organized under the laws of Delaware. It has never been licensed to do business in Wisconsin; has no place of business or property therein, and no officer or agent is stationed in that State. Its principal place of business is New York City and its president, Frederick K. Rupprecht, resides there.

In 1921 the Corporation issued and sold a series of twenty-year, 8% bonds, with interest coupons payable semi-annually. Coupons due December 1, 1930, and

thereafter, were not paid. A Bondholders' Committee received on deposit 70% of the outstanding bonds.

Walter L. Gold, an attorney with offices in Milwaukee, Wisconsin, and others represented by him, owners of $9,200 of these bonds, declined to deposit them with the Committee and caused suit to be brought in the Municipal Court, New York City, to recover interest which fell due December 1, 1930. In that suit motion for summary judgment was granted.

Rupprecht, President of the Corporation, believing that the interest of all bondholders would be subserved if final judgment were withheld, by communications sent from New York sought a conference with Gold at Milwaukee for the purpose of acquainting him with the facts and dissuading him from permitting final judgment. He, with reluctance, assented. With the sole purpose of engaging in such conference and without intending to submit the Corporation to the jurisdiction of the State of Wisconsin, Rupprecht went to Gold's law office in Milwaukee on the morning of January 14, 1932. His intention was to discuss the New York suit and to present facts which he believed would cause Gold to withhold final judgment in the New York case and agree to deposit his own bonds, and recommend the deposit of others, with the Bondholders' Committee.

During an interview lasting one and one-half hours, in the attorney's office, sundry matters relating to the Corporation's affairs were discussed. While there, Rupprecht was served with summonses (also complaints) addressed to the Corporation, commanding that it appear and answer in separate actions instituted by Katherine Gold and six others to recover upon certain of the above-described bonds and interest—all of whom Gold represented. In anticipation of Rupprecht's arrival in Milwaukee the summonses and complaints had been prepared.

In his affidavit Gold stated that he had " been informed that through Consolidated Selling Co., Inc., which is the selling agency for Consolidated Textile Corporation and is a subsidiary wholly controlled by Consolidated Textile Corporation and is an agent of Consolidated Textile Corporation, the Consolidated Textile Corporation sells goods in Wisconsin, to-wit: to Gimbel Bros. in Milwaukee and Sears, Roebuck & Co., in Milwaukee."

The unimportance of the statement concerning acts of the controlled corporation (Consolidated Selling Company) is clear enough in the light of what we said in *Cannon Mfg. Co.* v. *Cudahy Co.*, 267 U.S. 333, 336, 337.

In order to hold a foreign corporation, not licensed to do business in a State, responsible under the process of a local court, the record must disclose that it was carrying on business there at the time of attempted service. *International Harvester Co.* v. *Kentucky*, 234 U.S. 579, 583, 585.

" The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the State or district where service is attempted." *People's Tobacco Co.* v. *American Tobacco Co.*, 246 U.S. 79, 87.

Opinions here in recent causes sanctioning and applying this general rule show plainly enough, we think, that the appellant Corporation was not present within the jurisdiction of Wisconsin as required. *Philadelphia & Reading Ry. Co.* v. *McKibbin*, 243 U.S. 264; *Rosenberg Co.* v. *Curtis Brown Co.*, 260 U.S. 516; *Bank of America* v. *Whitney Bank*, 261 U.S. 171, 173; *James-Dickinson Co.* v. *Harry*, 273 U.S. 119, 122.

The judgment of the court below must be reversed. The cause will be remanded there for further proceedings not inconsistent with this opinion.          *Reversed.*