## MAXFIELD v. CANADIAN PAC. RY. CO. et al.

### No. 9821.

Circuit Court of Appeals, Eighth Circuit.
May 2, 1934.

Donald O. Wright, of Minneapolis, Minn. (Alfred W. Bowen, of Minneapolis, Minn., on the brief), for appellant.

John E. Palmer, of Minneapolis, Minn., for appellees.

Before GARDNER, SANBORN, and VAN VALKENBURGH, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from an order setting aside the service of summons and dismissing the appellant's action for want of jurisdiction.

The controlling facts upon which the order is based are fully and fairly stated by the court below as follows:

"Plaintiff is a citizen and resident of Minnesota. Defendants are foreign corporations organized and existing under and by virtue of the laws of the Dominion of Canada, and are engaged in the business of common carriers of passengers and freight by railroad and steamship. Service was made upon one H. M. Tait, an agent in general charge of an office in Minneapolis, which is maintained solely for the purpose of solicitation of business for these defendants in the carrying of passengers and freight in the Dominion of Canada and foreign commerce. Neither of the defendants carry on any transportation business in the State of Minnesota. The steamship company has no property in this state, nor do any of its ships come into any port in the State of Minnesota. The railroad company has no trackage or property (save office equipment) in Minnesota, except such rolling stock which may from time to time be brought in by other railways in the course of traffic with Canada. The office in Minneapolis serves as the headquarters for solicitation of transportation business for the Canadian Pacific Railway Company and the Canadian Pacific Steamships, Ltd., and the work incidental to the business of such solicitation. The steamship company has traffic relations with the railway company and other railways in Canada which have traffic relations with certain railways in the United States, which, with said steamship ocean routes, constitutes a through and continuous route for passengers and freight to and from ports in the United States and Canada to foreign destinations. The office force in Minneapolis is maintained for the purpose of serving these defendants for the carrying out of the business hereinbefore described. H. M. Tait, the person upon whom the attempted service was made herein, is in charge of the office, and has the title of General Agent, Passenger Department. The office is apparently maintained by the railway company, but is used by both defendants for the purposes herein indicated. The office force consists of H. M. Tait, one person in charge of handling tickets, one ticket clerk, two employees soliciting passenger business, one stenographer, and two freight solicitors. One of these employees, to-wit: E. A. Dietz, has authority to sell coupon tickets good for travel over connected lines in the United States and the Canadian Pacific Railway in Canada, and steamship tickets good for travel over navigable waters foreign to Minnesota upon which the Canadian Pacific steamships are operated.

"Plaintiff procured transportation from Minneapolis * * * to Montreal [over the Minneapolis, St. Paul & Sault Ste. Marie Railway to the Canadian boundary, thence via the Canadian Pacific Railway], and steamship ticket through H. M. Tait from Montreal, Canada, to Glasgow, Scotland. The steamship ticket was procured by said Tait by mail from the steamship company's principal office at Montreal, and when received by him was delivered to the plaintiff at Minneapolis. Plaintiff brings this action to recover damages on account of an alleged accident which she contends took place while she was enroute from Montreal to Glasgow aboard one of the steamships of the Canadian Pacific Steamship Company.

"Neither of these defendants has procured a license from the State of Minnesota to transact business therein, and no agent has ever been appointed by these defendants to accept service of process in the State of Minnesota."

The first question to be determined is whether, at the time of the service of process, the appellee corporations were doing business within the district of Minnesota in such manner as to warrant the inference that they were present there. International Harvester Co. v. Commonwealth of Kentucky, 234 U. S. 579, 583, 34 S. Ct. 944, 58 L. Ed. 1479; Philadelphia & Reading Ry. Co. v. McKibbin, 243 U. S. 264, 265, 37 S. Ct. 280, 61 L. Ed. 710; Rosenberg Bros. & Co., Inc., v. Curtis Brown Co., 260 U. S. 516, 517, 43 S. Ct. 170, 67 L. Ed. 372; Bank of America v. Whitney Central National Bank, 261 U. S. 171, 172, 43 S. Ct. 311, 67 L. Ed. 594; James-Dickinson Farm Mortg. Co. v. Harry, 273 U. S. 119, 122, 47 S. Ct. 308, 71 L. Ed. 569; Louisville & Nashville R. Co. v. Chatters, 279 U. S. 320, 324, 325, 49 S. Ct. 329, 73 L. Ed. 711; Consolidated Textile Corp. v. Gregory, 289 U. S. 85, 88, 53 S. Ct. 529, 77 L. Ed. 1047.

"The jurisdiction taken of foreign corporations, in the absence of statutory requirement or express consent, does not rest upon a fiction of constructive presence, like 'qui facit per alium facit per se.' It flows from the fact that the corporation itself does business in the state or district in such a manner and to such an extent that its actual presence there is established." Bank of America v. Whitney Central National Bank, supra, 261 U. S. 171, 173, 43 S. Ct. 311, 312, 67 L. Ed. 594.

"The general rule deducible from all our decisions is that the business must be of such

984

nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted." People's Tobacco Co., Limited, v. American Tobacco Co., 246 U. S. 79, 87, 38 S. Ct. 233, 235, 62 L. Ed. 587, Ann. Cas. 1918C, 537; Consolidated Textile Corporation v. Gregory, 289 U. S. 85, 88, 53 S. Ct. 529, 77 L. Ed. 1047; St. Louis S. W. R. Co. v. Alexander, 227 U. S. 218, 226, 33 S. Ct. 245, 57 L. Ed. 486.

The conclusion of the court below was that "the maintenance of an office for the mere purpose of soliciting business where it appears that neither corporation has any property within this state, and has no lines of transportation herein, and does not receive or deliver passengers or freight herein, will not justify or warrant a finding that these defendants are present within the State of Minnesota." This conclusion finds support in Green v. Chicago, B. & Q. R. Co., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916; Philadelphia & Reading Ry. Co. v. McKibbin, supra, 243 U. S. 264, 266–268, 37 S. Ct. 280, 61 L. Ed. 710. Compare, W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U. S. 723, 724, 725, 35 S. Ct. 458, 59 L. Ed. 808; and see, also: Partola Mtg. Co. v. Norfolk & W. R. Co. (D. C.) 250 F. 273, 276–277; McGuire v. G. N. R. Co. (C. C.) 155 F. 230; Graustein v. Rutland R. Co. (D. C.) 256 F. 409, 410, and Goepfert v. Compagnie Generale Transatlantique (C. C.) 156 F. 196.

The appellant argues that these corporations, because they were aliens, cannot successfully assert that they were not present in the state of Minnesota, because the rule that mere solicitation of business is not enough to subject a foreign corporation to the local jurisdiction is not to be applied to foreign corporations which are also alien corporations. One would naturally suppose that the same rule as to presence in the jurisdiction would apply to all foreign corporations whether organized within or without the United States, and we find no adequate basis in the authorities for the distinction which the appellant contends for.

Appellant's main reliance is upon four cases, namely: In re Hohorst, 150 U. S. 653, 14 S. Ct. 221, 37 L. Ed. 1211; Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 S. Ct. 526, 42 L. Ed. 964; U. S. Merchants' & Shippers' Ins. Co. v. Elder Dempster & Co., Ltd. (C. C. A. 2) 62 F.(2d) 59, and Fisher v. Canadian Pac. R. Co. (D. C. N. Y.) 1 F. Supp. 235.

In the Hohorst Case it appeared that the defendant was a German steamship company having its docks and doing its transportation business in New Jersey, but doing its financial business and having its financial agents in New York. Service was made upon these agents in a patent suit, of which the courts of the United States had sole jurisdiction. It was contended that, under the Act of March 3, 1887, c. 373, 24 Stat. 552, Act of August 13, 1888, c. 866, 25 Stat. 433, 434, the suit could not be maintained, because the alien corporation was not an inhabitant of the district where the suit was brought. The court held that such a corporation might be sued in any district in which valid service could be had, and that such service could be had upon the company's agents in New York who transacted the defendant's financial business in this country. In referring to the Hohorst Case, in Galveston, Harrisburg & San Antonio R. Co. v. Gonzales, 151 U. S. 496, at page 503, 14 S. Ct. 401, 403, 38 L. Ed. 248, the court says: "Neither this case, nor any other to which our attention has been called, makes any distinction between cases where citizens and aliens are plaintiffs, though in Hohorst's Case, to prevent a manifest failure of justice, in the inability to sue any foreign corporation whatever, it was held that, where an alien corporation was defendant, it might be sued in any district wherein it might be found."

It is nowhere suggested that an alien corporation could be found in any district where it was not present, and the rule in the Hohorst Case is that such a corporation may not avoid a suit brought against it in a district where it is present, merely because it is not an inhabitant of that district.

In Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 S. Ct. 526, 42 L. Ed. 964, the defendant was an English steamship company being sued in New York by a nonresident of that state. The contention there was not that the steamship company was not present in the state, but that the state laws did not authorize such a suit by a nonresident, and therefore the Federal court could not entertain it. The court held that the suit could be maintained by a nonresident.

In U. S. Merchants' & Shippers' Ins. Co. v. Elder Dempster & Co., Ltd. (C. C. A. 2) supra, 62 F.(2d) 59, the alien corporation was doing business within the state, and the sole controversy was over the manner of

service of process. It was held that the agent upon whom service was made was a "managing agent" within the New York service statute.

In Fisher v. Canadian Pacific R. Co. (D. C.), supra, 1 F. Supp. 235, on pages 236, 237, it appears that the railway company, in addition to soliciting business in the state of New York, had a terminal in the state to which and out of which it ran trains, and that it also had passenger and freight offices in the state. It was held to be present there, under the rulings of the Supreme Court to which we have referred.

We are satisfied that the court below reached the correct conclusion in holding that neither of the appellees was present in the state of Minnesota.

It is therefore unnecessary to determine whether, if they had been present, the service made upon their agent would have been sufficient to confer jurisdiction.

The order appealed from is affirmed.