Nathan Vidaver and David Bernstein, both of New York City, for appellant.

Manheim Rosenzweig, of New York City, for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

**FRANK MacMONNIES CORPORATION v. SUNICAL PACKING CO.**

No. 254.

Circuit Court of Appeals, Second Circuit.

Feb. 4, 1935.

MANTON, Circuit Judge.

The appellant is a New York corporation; the appellee, a California corporation. This action was brought to recover damages for breach of a contract of employment, pleaded in a first cause of action, and for services rendered, in a second cause of action.

The appellant was the agent and representative of the appellee prior to March, 1934, in the city and state of New York, selling its canned fruits. In May, 1934, this suit was commenced. Service of the summons was made upon Clyde W. Root who, it is claimed, is the manager of the appellee's business, in the city of New York. In displacing the appellant as its sales agent in New York in March, 1934, the appellee opened an independent place of business, leasing a suite of offices, and employing as Eastern manager Mr. Root, who came from California, and at least three salesmen, a bookkeeper, clerks, and typists. The name on the office door was: Sunical Packing Company, San Francisco, Hearst Ranch Brand Fruits, Clyde W. Root, Eastern Manager. Its name was listed in the telephone book. It advertised extensively by circulars

468

and radio, informing the public that it maintained a branch place of business in the city of New York in charge of Clyde W. Root. Merchandise in large quantities was sold and delivered by appellee directly through this branch establishment in New York City, and some fifty-six firms are listed as its customers there. It maintained a warehouse here where large quantities of merchandise were constantly kept for sale. There was a continuous, not a casual, selling in New York.

 We think that service upon Mr. Root was valid, and that the corporation was here in the sense that it could be served and suit maintained against it in the Southern district of New York. Internatl. Harvester Co. v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479; Tauza v. Susquehanna Coal Co., 220 N. Y. 259, 115 N. E. 915. The test to be applied is whether the corporation is here. If it is, it is subject to the local jurisdiction. It is not essential that the agent here have express authority to accept service. His authority to act as agent implies such authority. Tauza v. Susquehanna Coal Co.; supra; section 229 of the Civil Practice Act of New York. In the absence of the designation of some other person by the appellee as one upon whom service might be made, it was sufficient to serve this agent. Tauza v. Susquehanna Coal Co., supra; Grant v. Consolidated Copper Co., 189 N. Y. 248, 82 N. E. 191.

[4, 5] The contract relied on was made in New York, and the claim of damages is for services rendered in New York. Root was truly an agent, and his position was such as to lead to a just presumption that notice to him would be notice to his principal. Consequently the corporation must submit to jurisdiction. Commercial Mutual Acc. Co. v. Davis, 213 U. S. 245, 29 S. Ct. 445, 53 L. Ed. 782. If the service was sufficient for the purpose of state court litigation, when the case is removed to this court, we will deem it likewise sufficient. Penn. Ins. Co. v. Meyer, 197 U. S. 407, 25 S. Ct. 483, 49 L. Ed. 810; Simon v. Craft, 182 U. S. 427, 21 S. Ct. 836, 45 L. Ed. 1165; Wash.-Va. Ry. Co. v. R. E. Trust Co., 238 U. S. 185, 35 S. Ct. 818, 59 L. Ed. 1262; Paragon Coal & Coke Co., Inc., v. Kirby & Sons Coal Co. (D. C.) 9 F.(2d) 686.

Here we think the general rule deducible from the decisions is applicable because the appellee's business in New York was of such a nature and character as warrants the inference that the corporation has subject-ed itself to the local jurisdiction, and is, by its authorized agent, present within the Southern district of New York where service was made. People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537; Gaboury v. Central Vt. R. Co., 250 N. Y. 233, 165 N. E. 275.

The facts in the instant case are to be distinguished from those prevailing in Bank of America v. Whitney Central Natl. Bank, 261 U. S. 171, 43 S. Ct. 311, 67 L. Ed. 594, and Consolidated Textile Corp. v. Gregory, 289 U. S. 85, 53 S. Ct. 529, 77 L. Ed. 1047, referred to by the appellee.

Order reversed.