## WALKER v. RITTER–BURNS LUMBER CO.
### No. 899.

District Court, E. D. Kentucky.
May 1, 1935.

Jouett & Metcalf, of Winchester, Ky., for plaintiff.

Craft & Stanfill, of Hazard, Ky., and Rolla D. Campbell, of Huntington, W. Va., for defendant.

FORD, District Judge.

The plaintiff, D. L. Walker, a resident of the Eastern District of Kentucky, filed this action in the circuit court of Perry county, Ky., against the defendant, Ritter-Burns Lumber Company, a West Virginia corporation having its principal office and place of business at Huntington, W. Va., not licensed to do business in Kentucky, and having no designated place of business in Kentucky nor designated process agent. The plaintiff seeks by this suit to recover on several promissory notes executed and delivered by the defendant in 1928. The notes sued on were executed as part payment for the capital stock of the Leatherwood Lumber Company, a Kentucky corporation engaged in doing business in Kentucky.

Appearing specially, the defendant filed petition for removal to this court, and the order of removal was made. The defendant then appeared specially in this court and moved to quash the return of service of the summons. The sheriff's return entered upon the summons is as follows: "Executed the within summons on the Ritter-Burns Lumber Company by delivering a true copy thereof to R. L. Ellis, Vice-president, he being the chief officer found in Perry county. This 11th day of July 1934."

The ground of the defendant's motion is that R. L. Ellis, the person upon whom the summons was executed on July 11, 1934, was not then vice president of the defendant company and was not the chief officer or any officer or agent thereof; and upon the further ground that at said time the defendant was not doing business within the state of Kentucky, and hence is not subject to the jurisdiction of the courts of this state.

Both parties recognize the familiar rule sanctioned and applied in numerous decisions of the Supreme Court that, in order to hold a foreign corporation, without its consent, under the process of a local court, the record must disclose that it was carrying on business there at the time of the attempted service, of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction and is, by its duly authorized officers or agents, present within the state or district where service is attempted. People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537; Consolidated Textile Corp. v. Gregory, 289 U. S. 85, 53 S. Ct. 529, 77 L. Ed. 1047.

The first question for decision, therefore, is whether on July 11, 1934, the defendant was doing business within the state of Kentucky in such a manner and to such an extent as to warrant the inference that it was present in that state.

In order to establish presence of the defendant within this state, the plaintiff produces evidence conducing to show that at the time of the service of the summons said Ellis was living in Kentucky and was acting for and engaged by the Ritter-Burns Lumber Company either as vice president or as its managing agent in the business of assembling data for the defendant for its use as a defense to the plaintiff's claims asserted in this litigation. Considerable proof was heard upon this issue of fact. However, it does not appear necessary to enter into a discussion of this proof, for the reason that it appears from numerous authorities that, even if Mr. Ellis had been so engaged at the time of the service of summons upon him in this case, such activity on his part on behalf of the defendant is not sufficient to subject the defendant to the personal jurisdiction of the Kentucky courts under the rule above set out. People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537; Consolidated Textile Corp. v. Gregory, 289 U. S. 85, 53 S. Ct. 529, 77 L. Ed. 1047, and Rosenberg Brothers v. Curtis Brown Co., 260 U. S. 516, 43 S. Ct. 170, 67 L. Ed. 372.

In further support of his contention that the defendant was doing business in Kentucky and is subject to the jurisdiction of the Kentucky courts, the plaintiff undertook

to establish such identity between the defendant and the Leatherwood Lumber Company, its subsidiary corporation, admittedly organized under the laws of Kentucky and doing business therein, as that the latter company is to be regarded as a mere agent or instrumentality of the defendant engaged in carrying on its business in the state of Kentucky. In support of this contention, the plaintiff's proof shows that the defendant is the owner of substantially all of the capital stock of the Leatherwood Lumber Company; that the defendant and the Leatherwood Lumber Company utilize the services of the same sales manager; that B. B. Burns is the president of both companies, and other facts disclosing that through its ownership of the capital stock the defendant completely dominates the Leatherwood Lumber Company, and at the time was exercising complete financial and commercial control over it. The testimony shows, however, that the corporate existence of the Leatherwood Lumber Company is maintained as a distinct and separate entity from the defendant. Its books and records are kept separate, and the transactions of the two corporations, respectively, in carrying on their lines of business, are handled as if they were two wholly independent corporations. It is a familiar rule, supported by the authorities relied upon by the plaintiff, that, where a corporation utilizes the services of its subsidiary as its agent or instrumentality to perpetrate the wrongs or to transact the business out of which the litigation arose, in such case the court will disregard the separate corporate existence and not permit a dominating corporation to use its subsidiary to avoid the consequences of such a transaction. This is not such a case. There is no attempt in this case to hold the defendant liable for any act or omission of the Leatherwood Lumber Company nor for any transaction in which the subsidiary corporation had a part. It would therefore seem that the case of Harlan Public Service Corporation v. Eastern Construction Co., 254 Ky. 135, 71 S.W.(2d) 24, and the cases therein cited, have no application here. This case seems to be controlled by the rule clearly announced in Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U. S. 333, 45 S. Ct. 250, 69 L. Ed. 634, which was followed by the Kentucky Court in the case of Missouri-Kansas Pipe Line Co. v. Hobgood, 244 Ky. 570, 51 S.W.(2d) 920.

Being of the opinion that the facts disclosed by the record are insufficient to show that at the time of the service of the summons in question the defendant was engaged in carrying on business in this state in such a manner and to such an extent as to warrant the inference that it had subjected itself to the local jurisdiction, it would serve no useful purpose to enter upon a discussion of the other questions presented.

The defendant's motion to quash the service of the summons should be sustained.