## McLEAN v. GOODYEAR TIRE & RUBBER CO., Inc.*
### No. 7703.

Circuit Court of Appeals, Fifth Circuit.
Aug. 1, 1936.

W. D. Gordon, of Beaumont, Tex., for appellant.

Gaius G. Gannon, of Houston, Tex., and Lamar Cecil, of Beaumont, Tex., for appellee.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This suit was brought by appellant, Marrs McLean, against Goodyear Tire & Rubber Company, Inc., a Delaware corporation doing business in Texas, to recover for damages resulting from an accident caused by a blowout of an automobile tire. The petition alleges that the defect was latent and not discernible by ordinary inspection when the tire was purchased and when plaintiff received it he considered it safe to use. Error is assigned to the direction of a verdict for defendant at the close of the evidence.

Undisputed evidence shows that defendant is a Delaware corporation and did not manufacture the tire. The tire was manufactured by Goodyear Tire & Rubber Company, an Ohio corporation, separate and distinct in its corporate structure from the Delaware company. The Ohio company owns all the stock of the Delaware company and they have practically the same directors. But they have not the same employees and their books are kept separate, the Ohio company receiving profits from the sale of tires only through dividends. The Ohio company does not sell tires to the public. It sells them to only its subsidiaries, such as defendant, who buy the tires outright and in turn sell them to independent dealers, from one of whom plaintiff purchased the defective tire.

When it appeared in the course of the trial that plaintiff had sued the wrong company, by trial amendment he sought to hold defendant, the Delaware corporation, responsible for the defective tire manufactured by the Ohio corporation, on the theory that it was the alter ego of the Ohio corporation and they were to be considered as one and the same company.

It is conceded that on the facts shown plaintiff would be entitled to recover against the manufacturer of the tire. It

*Writ of certiorari denied 57 S. Ct. 193, 81 L. Ed. —.

is equally clear that an independent dealer selling the tire would not be liable. 24 R. C.L. 508, § 801, "Sales"; 45 C.J. 892, § 331, "Negligence." In order to sustain the contention that the Delaware company is the alter ego of the Ohio corporation, plaintiff relies upon the following authorities: Chicago, Milwaukee & St. Paul Ry. Co. v. Minneapolis Civic Ass'n, 247 U.S. 490, 38 S.Ct. 553, 62 L.Ed. 1229; Luckenbach S. S. Co. v. W. R. Grace & Co. (C. C.A.) 267 F. 676; Pacific American Gasoline Co. v. Miller (Tex.Civ.App.) 76 S.W. (2d) 833.

In each of the above-cited cases the parent organization was in court and was held responsible for acts committed by the subsidiary. The rule of corporate identity is clearly stated in the last-cited case, page 851 of 76 S.W.(2d) as follows: "The legal fiction of the separate entities of two corporations, the stock of which is owned by the same parties, should be disregarded when necessary for the prevention of fraud or to protect the legal rights of third parties."

The rule does not apply in this case. Here there is no question of fraud presented and plaintiff is not deprived of any legal rights, as he could have sued the Ohio corporation in a court of competent jurisdiction. The Ohio company was not licensed to do business in Texas and was not in fact doing business in that state. It could not be sued in Texas by service on the Delaware corporation. The Ohio corporation had the right to create the subsidiary for the purpose of dividing its business and, notwithstanding the identity of stock ownership, for the purpose of its usual business, not involving fraud or infringement upon the legal rights of third parties, they are to be considered separate entities. The following authorities support this conclusion: Pullman Palace-Car Co. v. Missouri Pacific, 115 U.S. 587, 6 S.Ct. 194, 29 L.Ed. 499; Peterson v. Chicago, R. I. & P. Ry. Co., 205 U.S. 364, 27 S.Ct. 513, 51 L.Ed. 841; Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634; Consolidated Textile Corporation v. Gregory, 289 U.S. 85, 53 S.Ct. 529, 77 L.Ed. 1047; Majestic Co. v. Orpheum Circuit (C.C.A.) 21 F.(2d) 720.

Since defendant was not liable for the damages caused by the defective tire, it follows that the direction of the verdict was right.

The record presents no reversible error.

Affirmed.

WALKER, Circuit Judge, concurred in the disposition of the case but died before the opinion was handed down.