## OYLER v. J. P. SEEBURG CORPORATION.
### No. 169.

District Court, N. D. Texas, Dallas Division.
Oct. 30, 1939.

Max R. Rosenfield and Scurry & Scurry, all of Dallas, Tex., and Sidney J. Wolf, of Chicago, Ill., for the motion.

Randall & Gray, of Dallas, Tex., opposed.

ATWELL, District Judge.

Oyler claims that the Seeburg Corporation has appropriated a certain patent that was granted on his invention. He sues for damages. He is a resident of Texas.

The defendant is an Illinois corporation, with its office and place of business at Chicago. In order to get that corporation into court here, the plaintiff caused service to be made upon the Electro Ball Company, a Texas corporation, with its principal office and place of business in Dallas, Texas, and also upon a Mr. Sterns.

The defendant moves to quash service and dismiss the suit, on the ground that those served are not its agents, and that "it is not doing business in Texas."

The Electro Ball Company is a wholly independent concern, connected in no way whatsoever with the defendant. It is engaged in a number of businesses at Dallas. It also has a consignment contract with the defendant and operates under that contract. It receives on consignment, at its place of business in Dallas, Texas, and eleven other states, certain musical instruments which are manufactured by the defendant. The contract between the two is in evidence. It is provided that the consignee shall receive a commission measured by its sales of the consigned instruments. Such sales may be made for cash or on credit. The credit sales to be first approved by the defendant in Chicago. The proceeds of cash sales to be transmitted also to Chicago.

The volume of the defendant's business throughout the United States is approximately ten million dollars per year in the sort of instruments that it consigns to Electro Ball Company of Dallas—about one-half million dollars representing the portion handled by the Electro Ball Company.

The defendant has no place of business in Texas, no selling agent in Texas, no property in Texas, has no permit to do business in Texas, nor any officer or office therein.

The plaintiff claims certain activities by the defendant in Texas. Among them is the employment of a man for the collection of delinquent accounts. The delinquent accounts arise out of credit sales made by the consignee, Electro Ball Company, which sales contracts are first approved by the defendant at Chicago. The man had no authority to settle or compromise an account, or to make extensions or to do anything but collect it, without first securing the permission by telegraph, telephone, or letter from his employer in Chicago.

A person by the name of Sterns, residing in Dallas, but with no headquarters here, traveled over Texas and eleven other states, for the defendant, receiving a substantial salary. His business was to promote sales—to "spread good will." He had no authority to sell or to make contracts or to collect. The testimony seems to indicate that he did make a sale to one Hagler. It does not satisfactorily appear, however, that this sale was more than an

isolated transaction, and outside of Sterns' authority.

A man by the name of Brewer was employed by the Electro Ball Company to service the machines which it sold. The plaintiff seriously contends that Brewer was a joint employee of it and the defendant. The facts do not support that contention. Brewer received his payment from the Electro Ball Company and has worked for that company many years prior to the time it entered into a contract with the defendant. It alone has power to discharge him, and he receives all of his orders from it. That company retains the security tax which he is bounden to pay as the employee, and also pays the employer's portion of that tax. His salary is paid once a week by checks which were offered in evidence. At the expiration of the month, the amount of such payments is made known by the Electro Ball Company to the defendant, and the defendant then credits the Electro Ball Company's commission account with an equal ½ of the aggregate.

Testimony is that this additional commission was in recognition of a former contract which the Electro Ball Company had with the defendant, and which it wished to continue when the defendant sought to standardize its commission payments and contracts with all of its consignment agents.

The defendant manufactures other articles beside the article which it consigns to Electro Ball Company. Among such other articles is a portable phonograph. Some of those phonographs are handled by the Decca Phonograph Company of Dallas. One shipment proved to be defective in some particular, and that company made known its dissatisfaction to its principal in New York, who, in turn, called upon the defendant at Chicago, to repair them, and thereupon the defendant wrote to Electro Ball Company and asked it to perform that service for it. Hughes, of Electro Ball Company, ordered Brewer to repair those machines, which he did.

Some of the credit sales in Texas proved unsatisfactory, and suits were brought to foreclose on the instruments in the local courts. When judgment was rendered, the instruments were sold under execution and bought in by the defendant through its attorney, or through the Receiver, and the judgment credited with the amount brought at such sale. Those machines were resold by the Receiver, and the money transmitted to the defendant in Chicago.

Various written contracts have been introduced in evidence, exhibiting the matters hereinbefore stated.

Since every case must rest upon its own set of facts for the establishment of "doing business," before a foreign corporation may be required to answer a suit in personam, there have been many reported decisions bearing upon this interesting question.

It happens in this case that nearly all of the activities which have been held to be insufficient to show a doing of business, are present. The Electro Ball Company, through which the defendant carries on its Texas operations, is in no way concerned with the defendant. It is a large concern carrying on a large business, and only one branch of that business is the consignment to it of the defendant's musical instruments.

The activities of employees Stephenson and Sterns, are sharply marked within those limits which an outside corporation is permitted to engage in without domiciling itself locally.

The defendant certainly has a right to use the local courts when default is made in obligations which it receives. Likewise, it has a right to fix an additional commission to its consignee, in such manner as is here shown.

An ineffectual is not changed to an effectual by being joined with another ineffectual. A non-resident corporation does not hazard its isolation by doing permitted things in an outside state, even though there are several of them.

The case of International Harvester Company v. Kentucky, 234 U.S. 579, 585, 34 S.Ct. 944, 58 L.Ed. 1479, is a close illustration of an overstepping of the limit of the activity in which a foreign corporation may indulge without losing its immunity from suit in the outside state. In that case, the agents not only solicited orders, but they received payment in money, checks, or drafts, and took notes of customers which were payable and collected at any bank in Kentucky.

Such cases as James-Dickinson Farm Mortg. Co. v. Harry, 273 U.S. 119, 47 S. Ct. 308, 71 L.Ed. 569; Cannon Mfg. Company v. Cudahy Packing Company, 267 U. S. 333, 45 S.Ct. 250, 69 L.Ed. 634; Consolidated Textile Company v. Gregory, 289

U.S. 85, 53 S.Ct. 529, 77 L.Ed. 1047; Roark v. American Distilling Company, 8 Cir., 97 F.2d 297; Maxfield v. Canadian Pac. R. Co., 8 Cir., 70 F.2d 982; Davega, Inc., v. Lincoln Furniture Manufacturing Co., 2 Cir., 29 F.2d 164; Philadelphia & Reading Ry. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; Bank of America v. Whitney Bank, 261 U.S. 171, 43 S.Ct. 311, 67 L.Ed. 594; Hilton v. Northwestern Metal Co., D.C., 16 F.2d 821, and Stoke v. Peter Fox Brewing Company, D.C., 22 F.Supp. 892, seem to justify the sustaining of this motion, and the quashing of the service.

It is so ordered.