## AMTORG TRADING CORPORATION v. STANDARD OIL CO. OF CALIFORNIA.

District Court, S. D. New York.

Aug. 7, 1942.

Charles Recht and David Drucker, both of New York City, for libellant.

Dwight, Harris, Koegel & Caskey, of New York City (John R. McCullough, of New York City, of counsel), for respondent.

BRIGHT, District Judge.

The respondent, a Delaware corporation, appearing specially, moves to vacate the service of process in this action upon the ground (1) that it is not now present or subject to the service of process, or doing business within the jurisdiction of this court, and (2) that process has never been served upon it. The citation herein was served on April 24, 1942, upon an officer

of California Commercial Company, Inc., a wholly owned subsidiary of the respondent.

Libellant opposes, contending that the respondent is doing business and is present in this jurisdiction, and that the California Commercial Company, at the time of the service, was the respondent's managing agent. The facts are substantially undisputed.

On October 28, 1941, the respondent, at San Francisco, chartered to libellant, the American tank vessel "J. C. Fitzsimmons", to transport gasoline to Vladivostok or Nagaero, U. S. S. R. The vessel did not deliver the cargo at either of the ports mentioned, for reasons not now important, and this action was brought to recover damages.

The respondent is not a resident of this state. It is engaged in the business of producing, refining and marketing petroleum and petroleum products. It has not qualified to do business in this state. It has no manufacturing here, has no sales stations, pipelines or storage plants, and no office or place of business (except it be the office of the California Commercial), and owns no merchandise, in the State of New York. Title to all merchandise sold by it to New York buyers passes before arrival in New York. No collections are made by it in New York, no invoices or bills are sent out by it in this state, and none of its directors or officers reside in or have an office here. All meetings of its stockholders and directors are held in San Francisco.

The California Commercial, upon whom process was served, is a New York corporation. None of its officers, directors or employees are such of the respondent. Under a contract of April 1, 1940, between it and the respondent, it is employed to perform certain services here and in other states, under a fee arrangement based largely upon the cost price of goods purchased or arranged for transportation. It has no authority to consummate contracts or bind respondent. The charter party mentioned, as well as the contract for the sale of the gasoline, were all prepared and signed by respondent in California. The task of delivering the same to the libellant for execution was performed by the California Commercial. It appears from the papers to be a separate corporate entity, functioning under its own board and management, maintaining an individual and complete accounting system, and is adequately capitalized for all business purposes. It receives inquiries from prospective purchasers of products of the respondent, and communicates them to respondent, and the subsequent completion of the contract is accomplished by respondent, who sends out its own bills and receives payment direct. It does other business for the respondent, such as making inquiries of suppliers and concluding negotiations between the respondent and those suppliers, places orders for materials, handles all arrangements in connection with the shipment of materials from suppliers in the east the points designated by respondent. It represents respondent and its wholly or partially owned subsidiaries in the matter relating to the sale of its products, chartering tanks and the procurement and transportation of materials for respondent and its subsidiaries where required in connection with its operations, domestic or foreign. The services rendered by it to respondent are but a part of its business activities. It leases its own offices, pays the rent therefor, hires and fires and pays its employees, at its own expense lists in the telephone directory "Standard Oil Co. of California, call Cal. Com'l Co. Inc.", and has directed the placing upon its door and in the building directory of the words "Standard Oil Co. of Cal. see California Commercial Co. Inc." It also appears that in its reception room is a large sign bearing its name and stating that it represents the respondent and ten other corporations.

In addition to the above, libellant shows that its negotiations and correspondence in the matter in question, as well as in other purchases, were with the California Commercial in its New York office, and attaches copies of correspondence had with the officers of California Commercial relating to purchases and business with the respondent. But in each instance, the respondent shows that all quotations and offers were made to the libellant only after express authorization had been obtained from the respondent, and copies of those authorizations are attached to the papers. And its letters of quotation, in practically every instance, are made "on behalf of the Standard Oil Company of California." It is also shown that respondent does about 3% of its total business with customers resident in New York City, through the California Commercial. It is claimed that the latter is solely engaged in the business

468

of respondent, that payments for the materials purchased by libellant were made in New York (but it is not disputed that they were made to the respondent and not to California Commercial), that libellant has written respondent at the office of California Commercial, and finally, that the contract for the sale and purchase of the gasoline in question contained an arbitration clause, under which if a demand for arbitration was made by the buyer, it should be held in New York, and if by the seller, at Moscow, U. S. S. R.

 The burden of showing jurisdiction of the person of the respondent is clearly upon the libellant. Hurley v. Wells-Newton National Corp., D.C., 49 F.2d 914–917.

[2] A foreign corporation is amenable to process only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there; and even if it is doing business there, the process will be valid only if served upon some authorized agent. Philadelphia & Reading R. Co. v. McKibbin, 243 U.S. 264, 265, 37 S.Ct. 280, 61 L.Ed. 710.

I think the plaintiff has failed to show either of these essentials and that the motion must be granted. Davega, Inc., v. Lincoln Furniture Mfg. Co., 2 Cir., 29 F.2d 164.

The doing of business through a subsidiary is not enough. Peterson v. Chicago, R. I. & P. R. Co., 205 U.S. 364, 27 S.Ct. 513, 51 L.Ed. 841; Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634; Consolidated Textile Corp. v. Gregory, 289 U.S. 85–88, 53 S.Ct. 529, 77 L.Ed. 1047; nor the owning of stock in such a subsidiary. People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79–87, 38 S.Ct. 233, 62 L.Ed. 587, Ann. Cas.1918C, 537. Even were it true, the maintenance of an office here would not be of much significance. Davega, Inc., v. Lincoln Furniture Mfg. Co., supra; nor would the solicitation of business be determinative. People's Tobacco Co. v. American Tobacco Co., supra; Green v. Chicago, B. & Q. R. Co., 205 U.S. 530–533, 27 S.Ct. 595, 51 L.Ed. 916; nor the fact that the cause of action arose in this district, if it can be said that it did. Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516–518, 43 S.Ct. 170; 67 L.Ed. 372.

The service of process upon an officer of the California Commercial Company was not service upon the respondent. Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634; Stein v. Standard Oil Co., D.C., 36 F.2d 258.

For these reasons, the motion must be granted. Settle order on notice.