MITCHELL, Appellant, vs. AIRLINE RESERVATIONS, INC., Respondent.*

*November 4—December 1, 1953.*

* Motion for rehearing denied, without costs, on February 2, 1954.

314

For the appellant there was a brief and oral argument by *L. A. Willenson* of Milwaukee.

For the respondent there was a brief by *Hess & Chernov,* attorneys, and *Ben L. Chernov* of counsel, all of Milwaukee, and oral argument by *Ben L. Chernov.*

FAIRCHILD, J.   Sec. 262.09 (4) of the Wisconsin statutes provides that service upon a foreign corporation may be had by serving an officer or agent "having charge of or conducting any business for it in this state."  The trial court, in its memorandum decision of the case at bar, ruled that "The mere fact that an officer, to wit: The treasurer of the Airline Reservations, Inc., was physically present in Milwaukee, Wisconsin, or that there are agents or subsidiaries within the

state who deal with its products or merchandise, does not establish the defendant's corporate presence within the state in a manner so that it was doing or conducting business within this state within the meaning of the statute." This principle is supported by many cases: *Conley v. Mathieson Alkali Works,* 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; *Peterson v. Chicago, Rock Island & Pacific R. Co.* 205 U. S. 364, 27 Sup. Ct. 513, 51 L. Ed. 841; *People's Tobacco Co., Ltd., v. American Tobacco Co.* 246 U. S. 79, 38 Sup. Ct. 233, 62 L. Ed. 587; Ann. Cas. 1918C 537; *Bank of America v. Whitney Central Nat. Bank,* 261 U. S. 171, 43 Sup. Ct. 311, 67 L. Ed. 594; *Cannon Mfg. Co. v. Cudahy Packing Co.* 267 U. S. 333, 45 Sup. Ct. 250, 69 L. Ed. 634.

As stated by the trial court, the doctrine of the case of *Consolidated Textile Corp v. Gregory,* 289 U. S. 85, 88, 53 Sup. Ct. 529, 77 L. Ed. 1047, warranted the ruling in the case at bar. It is pointed out there that "the general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its *duly authorized officers or agents* present within the state or district where service is attempted," citing *People's Tobacco Co., Ltd., v. American Tobacco Co., supra.* Headnote 2 of *Consolidated Textile Corp. v. Gregory* cites *Cannon Mfg. Co. v. Cudahy Packing Co., supra,* and sets down the rule that of and by itself "selling goods in a state through a controlled subsidiary does not subject a foreign corporation to a general liability to be sued there."

Airline Reservations, Inc., is a foreign corporation. It owns no property in the state of Wisconsin, has no office or place of business in the state of Wisconsin, and has no authorized agent in Wisconsin. The plaintiff Mitchell and the codefendants Aldrich are independent ticket agencies, or operators in business for themselves, selling air-line tickets and located in Milwaukee. Although Mitchell sold defendant

corporation's North Star tickets and was the sole seller of such tickets, codefendants Aldrich sold tickets of other air lines as well as tickets of the defendant corporation. The record shows that the plaintiff and later codefendants Aldrich merely sold tickets of the defendant corporation and in no other way represented said defendant corporation. The testimony of the treasurer of the defendant corporation is to the effect that "He [Mitchell] had no authority to bind our company in any manner except to sell tickets," and, further, that "They [codefendants Aldrich] have no authority to act as agents or to bind our company in any other way than to sell tickets." In the *Cannon Mfg. Co. Case, supra,* the court said (p. 336) : "It [the corporation] might have conducted such business through an independent agency without subjecting itself to the jurisdiction," citing *Bank of America v. Whitney Central Nat. Bank, supra.* In *International Shoe Co. v. Washington,* 326 U. S. 310, 66 Sup. Ct. 154, 90 L. Ed. 95, it was said (p. 316) : "Since the corporate personality is a fiction, . . . its 'presence' . . . can be manifested only by activities carried on *in its behalf by those who are authorized to act for it.* . . . For the terms 'present' or 'presence' are used merely to symbolize those activities of the corporation's agent within the state. . . ." (Emphasis supplied.)

The presence of the treasurer in Milwaukee on November 28, 1952, when the summons and complaint were served on him, was due to the fact that there had been a shortage in remittances to Airline Reservations, Inc., for tickets which the plaintiff Mitchell had sold. Mr. Carr came at the request of the plaintiff for the purpose of getting "the whole thing straightened out," and during the conference he was served with the complaint. In respect to the facts of the service of complaint upon Mr. Carr, an officer of defendant corporation, temporarily within the state, the circumstances in the case at bar are identical with those in the *Consolidated Textile Corp. Case, supra,* where it was established that the casual presence

in the state of an officer of a corporation does not establish that the corporation was doing or conducting business within the state. That matter is also treated in the following discussion from *International Shoe Co. v. Washington, supra.*

There Mr. Chief Justice STONE ruled that the operations chargeable to foreign corporations must be sufficient to establish ties within the state of the forum to make it reasonable and just to warrant a conclusion that the corporation was acting as a corporation to do business within the state; and he said further (p. 317): " 'Presence' in the state in this sense has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given. *St. Clair v. Cox,* 106 U. S. 350, 355; *Connecticut Mutual Co. v. Spratley,* 172 U. S. 602, 610–611; *Pennsylvania Lumbermen's Ins. Co. v. Meyer,* 197 U. S. 407, 414–415; *Commercial Mutual Co. v. Davis,* 213 U. S. 245, 255–256; *International Harvester Co. v. Kentucky, supra* [234 U. S. 579, 583, 58 L. Ed. 1479, 34 Sup. Ct. 944]; cf. *St. Louis S. W. R. Co. v. Alexander,* 227 U. S. 218. Conversely it has been generally recognized that the casual presence of the corporate agent or even his conduct of single or isolated items of activities in a state in the corporation's behalf is not enough to subject it to suit on causes of action unconnected with the activities there. *St. Clair v. Cox, supra,* 359, 360; *Old Wayne Life Asso. v. McDonough,* 204 U. S. 8, 21; *Frene v. Louisville Cement Co., supra,* 515 [134 Fed. 2d], and cases cited. To require the corporation in such circumstances to defend the suit away from its home or other jurisdiction where it carries on more substantial activities has been thought to lay too great and unreasonable a burden on the corporation to comport with due process."

It is considered that the trial court correctly ruled that there was no showing in the circumstances presented in this

case that Airline Reservations, Inc., was doing business in the state in such a manner that its actual presence here was established.

*By the Court.*—Order affirmed.