## MARCUM v. OWENS–PARKS LUMBER CO.
### No. 97.

District Court, W. D. Washington, S. D.
Feb. 28, 1940.

John F. McCarthy, of Kelso, Wash., for plaintiff.

Hayden, Merritt, Summers & Bucey, of Seattle, Wash., for defendant.

YANKWICH, District Judge.

Action for damages to dock employee while the cargo of a steamship was being unloaded on a dock of the Long-Bell Lumber Company, at Longview, Washington, on the Columbia River.

The action was begun in the State courts and removed here, on the ground of diversity of citizenship. The defendant is a California corporation, without a designated agent in the State of Washington.

The plaintiff served the master of its steamship, "Cricket". The defendant has moved to quash the service, upon the ground that the captain is not an agent upon whom service might be had.

Under the statutes of Washington service may be had upon a foreign corporation by serving an agent if the corporation is doing business within the state. Remington's Revised Statutes of Washington, Sec. 226, subsection 9.

Of the nature of the business to be transacted, the Supreme Court of Washington has said, in Lucas v. Luckenbach Steamship Co., 1927, 141 Wash. 504, 508, 252 P. 526, 528:

"We have adopted the rule that, for a corporation to come within this statute, the business transacted by it must be a part of its usual or ordinary business, and must be continuous in the sense that it is distinguished from merely casual or occasional transactions. Rich v. Chicago B. & Q. R. Co., 34 Wash. 14, 74 P. 1008; State ex rel. Wells Lumber Co. v. Superior Court, 113 Wash. 77, 193 P. 229. State ex rel. Yakima Trust Co. v. Mills [140 Wash. 357], 249 P. 8.

"That the appellant, in the visits of its steamships to Everett, was transacting its ordinary and usual business is beyond question. This question need not be further argued. No hard and fast rules can be laid down as to when a corporation transacts sufficient of its business to bring it within the statute. Manifestly, if a ship calls at a port but once a year, it is transacting business there only casually or occasionally. But, as its calls become more frequent, there must come a time when the court can say that it is doing business at that port within the contemplation of the statute."

As to the agent, the law "does not specify any particular kind of agent." Sievers v. Dalles, etc. Navigation Co., 1901, 24 Wash. 302, 304, 64 P. 539. Of necessity, he must be truly a representative of the corporation in the business it is transacting. And in and about the business transacted, he must have powers of an executive type

and not be a mere menial. Both conditions are satisfied here.

The Court is of the opinion that as the defendant called at the port regularly, discharged and loaded cargoes, it transacts business within the State.

The master of its vessel was its agent with reference to the transaction out of which the claim arose. I do not think that Alto v. Hartwood Lumber Co., 1925, 135 Wash. 368, 237 P. 987, calls for a different conclusion. The opinion contains some general language which might be interpreted as holding that the master always is an agent for navigation purposes only.

However, the court's ultimate ruling there is grounded chiefly on the casual character of the business done.

The later case Lucas v. Luckenbach Steamship Co., 1927, 141 Wash. 504, 252 P. 526, limits its scope and warrants the conclusion that where—as here—a regular course of calls is shown for the purpose of loading and discharging cargoes, under the same captain, and the injury complained of occurred while a cargo was being unloaded, the captain of the ship, although not a resident, was an agent, upon whom service could be had. See Sievers v. Dalls etc. Nav. Co., 1901, supra; State ex rel. Columbia Broadcasting Co. v. Superior Court King County, 1939, Wash., 96 P.2d 248.