## JOHNSON v. BLACK DIAMOND LINES.
### No. 986.

District Court, E. D. Pennsylvania.
Jan. 23, 1941.

Milton M. Borowsky (of Freedman & Goldstein) of Philadelphia, Pa., for plaintiff.

John Breck Shaw (of Krusen, Evans & Shaw) of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

Plaintiff, a seaman, brought a civil action against the defendant to recover damages on account of personal injuries sustained by him while employed aboard one of the vessels of the defendant.

The complaint was filed on July 5, 1940, and a summons issued the same day. That summons was returned by the U. S. Marshal "not found", and an alias summons was issued on July 31, 1940. The alias summons and the complaint were served by the U. S. Marshal on August 5, 1940, upon the office manager of Dichmann, Wright & Pugh, Inc., in the Bourse Building, Philadelphia, Pennsylvania. Return of service of the alias summons was filed on August 8, 1940. On August 20, 1940, the defendant corporation filed an appearance de bene esse, and on August 22, 1940, defendant filed a motion to vacate the service of summons. On September 5, 1940, an answer to the motion to vacate service of summons was filed by the plaintiff, and on September 30, 1940, deposition was taken of Walter S. Oberholtzer, a director and district manager of Dichmann, Wright & Pugh, Inc.

The defendant, the Black Diamond Lines, is a Delaware corporation, having its principal office and place of business in New York City. Dichmann, Wright & Pugh is a Delaware corporation, with its principal office in Norfolk, Virginia, and a branch office in the City of Philadelphia.

The motion to vacate the service of the summons and complaint avers that the defendant, the Black Diamond Lines, is not registered to carry on business in the State of Pennsylvania, and is not engaged in the conduct of business within Pennsylvania; and, further, that the defendant does not, and did not in the past, maintain any office, agency or agent within the State of Pennsylvania or within the limits of the Eastern District of Pennsylvania. The motion to vacate further avers that Dichmann, Wright & Pugh are not authorized to accept service of process on behalf of the defendant, and have no capacity as agent or otherwise to represent the petitioner; and that, consequently, the service of the alias summons and complaint was illegal and void as to the defendant and, therefore, should be vacated.

The answer to the petition to vacate states that the defendant is engaged in business in Pennsylvania, and has been doing business within the State for a long period of time. The answer further avers that Dichmann, Wright & Pugh is the agent of the defendant, the Black Diamond Lines, in the Eastern District of Pennsylvania.

The deposition referred to concerned itself with the specific details of the services rendered by Dichmann, Wright & Pugh in behalf of the defendant in connection with "general operating matters, loading and discharging of their ships, and soliciting freight."

722

The services rendered by Dichmann, Wright & Pugh to the defendant were under a so-called agency agreement dated June 5, 1925. The agency agreement provided in Clause 1, "Duration of Agency", as follows: "The agency is subject to cancellation by us at any time and without previous notice and/or cancellation by yourselves upon thirty days' written notice."

It is undisputed that the defendant, on April 11, 1940, sent a letter to Dichmann, Wright & Pugh, enclosing a circular letter dated April 10, 1940, addressed to patrons of the defendant, notifying the latter that it was discontinuing "sailings entirely". The letter of April 11, 1940, to Dichmann, Wright & Pugh (Exhibit A in the deposition of September 30, 1940) was intended, it is clear, to advise Dichmann, Wright & Pugh of the discontinuance of operations and sailings by the defendant company.

The deposition disclosed that the last service performed by Dichmann, Wright & Pugh for the defendant was on May 19, 1940, in the handling of the Steamship "Lynghaug" which was on schedule and which had not as yet completed its voyage at the time the letter of April 11, 1940, was sent. Incidentally, that letter was received by the agent on April 12, 1940.

It is unnecessary, by reason of the situation set forth above, to discuss the relationship between the defendant and Dichmann, Wright & Pugh, and as to whether such relationship constituted the latter an agent of the defendant generally, so as to make service valid.

It is only by reason of the contract between the defendant and Dichmann, Wright & Pugh, and the services rendered by the latter to the defendant under the terms of that contract of June 5, 1925, that the plaintiff contends that there was a proper service of the summons and complaint in this matter.

At the time the suit was started on July 5, 1940, and at the time of the service of the alias summons and complaint on August 8, 1940, Dichmann, Wright & Pugh were not performing any service of any nature whatsoever for or in behalf of the defendant, its last services having been rendered on May 19, 1940.

■ It is well established that where the person served is not the agent of the defendant at the time of the attempted service of process, the attempted service is ineffectual and invalid, and should be set aside.

La Varre v. International Paper Co., D.C., 37 F.2d 141, 144. The agency relationship must exist at the time of the alleged service. Sasnett v. Iowa State Traveling Men's Association, 8 Cir., 90 F.2d 514, 515.

■ In view of the fact that Dichmann, Wright & Pugh were not serving as agents of the defendant at the time of the service of the alias summons and complaint, the motion to vacate the service must be granted, and

It is so ordered.