## ANDRADE v. AMERICAN MAIL LINES, Ltd.

### No. 697.

District Court, D. Rhode Island.

April 8, 1947.

Thomas B. Shea, of Boston, Mass., and John R. Higgins, of Woonsocket, R. I., for plaintiff.

Harold R. Semple, of Providence, R. I., and Thomas H. Walsh, of Boston, Mass., for defendant.

HARTIGAN, District Judge.

This matter was heard on the defendant's motion to vacate and quash the attempted service of the summons herein and to dismiss this case for want of jurisdiction over the person of the said American Mail Lines, Ltd. for the reason that said American Mail Lines, Ltd. is a corporation organized and existing under and by virtue of the laws of the State of Washington, and not elsewhere, and is not doing business in the State of Rhode Island or in this district and was not found within said State of Rhode Island or within this district and is not amenable to service in the State of Rhode Island or in this district and has not been properly served nor waived due service of process herein by voluntary appearance or otherwise.

This is a civil action brought by the plaintiff, a citizen of Rhode Island, against the defendant, a corporation organized under the laws of the State of Washington, under Section 33 of the Merchant Marine Act of 1920, popularly known as the Jones Act, 46 U.S.C.A. § 688, to recover damages for the death of John Andrade which resulted from injuries sustained by him while employed as a stevedore on the S. S. John Copley. The defendant is alleged to be the General Agent and to have had full operation and control of the Copley at the time of the accident and to have warranted that said vessel was in a seaworthy condition.

The plaintiff alleges "that the said defendant corporation, at the time of the commencement of this action was and is now doing business within the State of Rhode Island, and within the District of Rhode Island, and is subject to service in said state and in said district."

The Marshal's return on service of writ shows that "at Providence on October 17, 1946, I made service of the within Summons in Civil Action by reading and leaving a copy thereof noting date of service thereon together with copy of Bill of Complaint in hands and possession of Norton W. Nelson, Manager of Goff & Page Com-

pany, sub-agents for American Mail Lines, Ltd., a corporation."

In support of its motion the defendant called as a witness Norton W. Nelson who testified that he is the manager of Goff & Page Company which is individually owned; that it was the agent for the steamship John Copley when she was in Quonset in August, 1945, when Andrade was injured; that Lykes Brothers of New York City appointed Goff & Page to handle that vessel; that Goff & Page did not receive any instructions with regard to the Copley from American Mail Lines, Ltd.

He also testified that as sub-agents for the operators, Goff & Page Company was obliged to arrange for pilots, towboats, dock space, stores, repairs, crew replacements, entering and clearing through customs; that Goff & Page did not solicit freight for the vessel or for the defendant; that as sub-agents Goff & Page were allowed a flat fee for compensation; that Goff & Page Company disburses the vessel after she leaves the port and after it receives its funds from Lykes Brothers, and that such disbursement items were "custom house fees, pilotage, towage, stores or supplies, and transportation for new crew if they had to go down to join, plus telephone, postage and party agency fees."

Nelson testified that Goff & Page did not arrange or pay for any stevedoring nor supervise the loading of the cargo which "was entirely up to the United States Navy."

He also testified that after the vessel sailed and the accounts were terminated Goff & Page submitted their account on the Copley to Lykes Brothers in New York.

Nelson testified:

"27 Q. Do you have any understanding or arrangment whereby you act for all of American Mail Lines vessels that come into the jurisdiction of Rhode Island? A. Since Davisville opened particularly, we were very fortunate in handling most of the commercial vessels called at that area and through our connection, Lykes Brothers gave us the authority to work for their principals, the American Mail Lines, Ltd.

"28 Q. Is there any written agreement whereby you always act for the American Mail Lines? A. We have no written agreement.

"29 Q. Do they have the authority to have a ship come in and not appoint you as agent? A. They certainly do.

"30 Q. In other words, your agency is one for each particular vessel from the time it arrives until the time it sails. Is that correct? A. Right.

"31 Q. Do you have any authority to act for the vessel after you have disbursed accounts and after the vessel sails? A. No, our business terminates when the vessel leaves the port.

"32 Q. Was the John Copley in any port in Rhode Island at the time the summons was served on you in this action of John Andrade? A. No, sir; not to my knowledge.

"33 Q. Was there any vessel of the American Mail Lines in port at that time? A. No, sir; not to my knowledge."

Nelson testified that since 1942 up to the first of this year Goff & Page handled six or eight vessels of the American Mail Lines in this district at different intervals and that the nature of Goff & Page Company's work on each of those vessels was substantially the same as that to which he testified relative to the Copley and that he never received appointment as agent on any of said vessels from the American Mail Lines, Ltd.

The plaintiff did not offer any testimony at the hearing.

The plaintiff contends that the defendant was doing business in this district to such an extent as to have been present here and amenable to suit and cites only the following cases in support of such contention: Marcum v. Owen-Parks Lumber Co., D.C., 31 F.Supp. 748; Jenkins v. Lykes Bros. S. S. Co., D.C., 48 F.Supp. 848; Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872; rehearing denied 328 U.S. 878, 66 S.Ct. 1116, and Hust v. Moore-McCormack Lines, Inc., 328 U.S. 707, 66 S.Ct. 1218.

The facts in the Marcum case, supra, are quite different from the facts in the instant case. The court said at page 749 of 31 F. Supp.:

"The Court is of the opinion that as the defendant called at the port regularly, discharged and loaded cargoes, it transacts business within the State.

"The master of its vessel was its agent with reference to the transaction out of which the claim arose. I do not think that Alto v. Hartwood Lumber Co., 1925, 135 Wash. 368, 237 P. 987, calls for a different conclusion. The opinion contains some general language which might be interpreted as holding that the master always is an agent for navigation purposes only.

"However, the court's ultimate ruling there is grounded chiefly on the casual character of the business done.

"The later case Lucas v. Luckenbach Steamship Co., 1927, 141 Wash. 504, 252 P. 526, limits its scope and warrants the conclusion that where—as here—a regular course of calls is shown for the purpose of loading and discharging cargoes, under the same captain, and the injury complained of occurred while a cargo was being unloaded, the captain of the ship, although not a resident, was an agent, upon whom service could be had. See Sievers v. Dalles, etc., Nav. Co., 1901, supra [24 Wash. 302, 64 P. 539]; State ex rel. Columbia Broadcasting Co. v. Superior Court for King County, 1939, 1 Wash., [2d 379,] 96 P.2d 248."

The facts in the Jenkins case are clearly distinguishable from those in the instant case. The court said at page 850 of 48 F.Supp.: "Quantitatively speaking, the fact that it (the defendant) has been so engaged for a period of over ten years and that during a recent two year period thirty-five of its ships have called at the Port of Philadelphia is sufficient to constitute doing business in Pennsylvania as distinguished from mere occasional or sporadic activities. Cf. Cafasso v. Philadelphia & R. R. Co., C. C., 169 F. 887; The Hanover, D. C., 6 F.2d 335; Marcum v. Owens-Parks Lumber Co., D. C., 31 F.Supp. 748."

The Hust and Seas Shipping Co. cases, supra, cited by the plaintiff have no bearing on the question of service or jurisdiction. They point out that the plaintiff would be entitled to bring this action under the Jones Act if the court had jurisdiction over the defendant.

I find that the Goff & Page Company was not the agent of the defendant at the time of the attempted service.

I find that the American Mail Lines, Ltd. is a corporation of the State of Washington and was not doing business in Rhode Island at the time of the attempted service.

In Johnson v. Black Diamond Lines, D. C., 36 F.Supp. 721, 722, the court said: "It is well established that where the person served is not the agent of the defendant at the time of the attempted service of process, the attempted service is ineffectual and invalid, and should be set aside. La Varre v. International Paper Co., D. C., 37 F.2d 141, 144. The agency relationship must exist at the time of the alleged service. Sasnett v. Iowa State Traveling Men's Association, 8 Cir., 90 F.2d 514, 515."

There is no evidence that the defendant has qualified to do business in Rhode Island or that it has filed in the office of the Secretary of State "a written power appointing some competent person resident in this state as its attorney with authority to accept service of process against such corporation in this state * * *." General Laws of Rhode Island (1938), Chap. 116, § 65 (3).

In People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 87, 38 S.Ct. 233, 235, 62 L.Ed. 587, Ann.Cas. 1918C, 537, the court said: "* * * The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted. Phila. & Reading R. Co. v. McKibbin, 243 U. S. 264, 37 S.Ct. 280, 61 L.Ed. 710; St. Louis Southwestern R. R. Co. v. Alexander, 227 U. S. 218, 226, 33 S.Ct. 245, 57 L.Ed. 486, Ann.Cas. 1915B, 77."

The defendant's motion, therefore, is granted.