**PINAUD**

v.

**DAMPSKSLSK DANIA A/S.**

**THE DANVIG.**

United States District Court,
S. D. New York.

June 7, 1954.

Cooper, Ostrin & De Varco, New York City, for libelant, Richard Gyory, New York City, of counsel.

Haight, Deming, Gardner, Poor & Havens, New York City, for respondent, James M. Estabrook and David P. H. Watson, New York City, of counsel.

GODDARD, District Judge.

This is a motion to vacate the service of the libel.

The libelant's suit is to recover damages for personal injuries allegedly sustained while he was a seaman aboard the respondent's vessel S. S. Danvig in December, 1950.

Respondent is a Danish corporation and the alleged service was made on June 5, 1953 by serving Benham & Boyeson, Inc. in New York City, as agents of respondent.

Benham & Boyeson, Inc. have arranged charter parties for certain of respondent's five vessels. In April, 1950 and in January, 1951 it executed in New York City renewals of a 1949 time charter it had entered into for the S. S. Danvig, signing "as broker only". Under these charters the control of the vessel remained in respondent, and from 1949 until the vessel was finally redelivered to respondent in June, 1951, during which period it made regular calls at New York, Benham & Boyeson, Inc. performed numerous services for respondent in connection with the charter party and the operation of the vessel. In addition to arranging charters, it collected the monthly charter hire, made all or most of the disbursements for provisions, wages, stores, etc. for the owner's account on the master's vouchers. It remitted moneys to the master whenever the master requested

it for expenses incurred in any port of call whether within or without the United States, remitting the balance of the charter hire to the respondent.

The files of Benham & Boyeson, Inc. indicate that it made payments for libelant's medical expenses, room and board and wages due after he left the vessel, and it reimbursed the hiring office in New York which hired libelant for the expenses incurred.

It is thus apparent that it performed duties similar to that of an agent and not a mere chartering broker. In Szabo v. Tankrederi, D.C., 95 F.Supp. 519, 1951 A.M.C. 481, where the charter party was executed in behalf of the owner by a company signing "as broker only" and where similar services were rendered by the "broker", it was held that the owner was doing business in this jurisdiction and that the service upon the broker was valid.

The respondent's name on the various charter parties was signed by Benham & Boyeson, Inc. and was followed by the signature of Benham & Boyeson, Inc. "as broker only". This does not, when considered with all the other facts, modify the actual relationship between the respondent and Benham & Boyeson, Inc.

Respondent urges that the S. S. Danvig was sold in 1951 and that thereafter its connection with this jurisdiction was only sporadic. However, in April, 1951, Benham & Boyeson, Inc. arranged a charter for respondent's vessel, S. S. Tovelil, and in May, 1953 it executed charter parties in New York for respondent's vessels S. S. Cyril and S. S. Tovelil, which did not terminate until July, 1953 after the date of the service in question. Though the latter two voyages did not contemplate making any ports of call in the United States and though the charter hire for the S. S. Cyril was to be paid in London, the testimony of Benham & Boyeson, Inc.'s chartering manager was that its duties to respondent continued as they had been for the S. S. Danvig.

I think that the presence of the respondent in this jurisdiction has been shown and that the service has been made upon its managing agent.

Motion to dismiss is denied. Settle order on notice.