**Mutter MITCHELL, Libelant,**

v.

**THE MV WANDERER, her engines, boilers, etc., and T. & J. Harrison, Limited, Respondents.**

United States District Court,
S. D. New York.

Oct. 18, 1954.

Golenbock & Komoroff, New York City, for libelant.

Haight, Deming, Gardner, Poor & Havens, New York City, for respondent.

DAWSON, District Judge.

This is a motion to vacate and set aside the service of process on T. & J. Harrison, Limited which was attempted to be made by service in this District on Thor Eckert & Company, Inc.

The action is one by a longshoreman for injuries alleged to have been sustained while working aboard the "MV Wanderer" on September 11, 1952 at Galveston, Texas. The libelant is a resident of Texas. T. & J. Harrison, Limited is an English corporation and is alleged to be the owner and operator of the vessel.

No service in rem was effected on the vessel. On September 13, 1954, a citation, libel and complaint were served in New York on Thor Eckert & Company, Inc. It is admitted that seventeen days before the filing of the libel, Thor Eckert & Company, Inc. was appointed sub-agent of Kenneth LeBlanc, Inc. of New Orleans, general agent for the Harrison Line in the United States. However, it is asserted without contradiction that Thor Eckert & Company, Inc. has no authority to act for the Harrison Line beyond the solicitation of freight, and that the booking of cargo is done through the office of Kenneth LeBlanc, Inc. in New Orleans, and that any orders taken in New York are subject to approval by the general agent in New Orleans. It is also undisputed that Harrison Line vessels do not come to the Port of New York, but do regularly visit Gulf Coast ports.

The burden is on the libelant to prove that jurisdiction has been obtained over the respondent. Amtorg Trading Corporation v. Standard Oil Company of California, D.C.S.D.N.Y. 1942, 47 F.Supp. 466. This burden has not been sustained by libelant. The mere solicitation of business in this District is not sufficient to find that respondent is "present" in this District, particularly when the liability involved in the action arose, if at all, in Texas from activities entirely unconnected with any such solicitation of business. Green v. Chicago, Burlington & Quincy Railroad Company, 1907, 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916. I do not believe that International Shoe Company v. State of Washingson, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, should be construed as holding that in a factual situation such as appears in the present case, the respondent could be deemed subject to jurisdiction in this District. In Pinaud v. Dampskslsk Dinia A/S. The Danvig, D.C.S.D.N.Y.1954, 122 F.Supp. 51, the local broker had done much more than merely solicit business, and the activities had a greater relationship to the cause of action asserted in the libel.

Motion to vacate service of process granted. So ordered.