**BUNGE CORPORATION,** Libelant,

v.

**THE CHUNCHI HO** (formerly **THE GOLDEN WEST**) her engines, etc., and Skibs A/S Golden West (Joh. S. Andresen, Mfgr.) and **Allseas Navigation Company, Inc.,** Respondents.

United States District Court
S. D. New York.
Aug. 10, 1955.

Hill, Rivkins & Middleton, Lewis & Warburton, New York City, for libelant.

Kramer, Marx, Greenlee & Backus, New York City, for respondent.

**446**

DIMOCK, District Judge.

Two motions are before me in this suit. First, respondent, Allseas Navigation Company, moves, pursuant to Rule 12(b), F.R.C.P., for an order dismissing the libel or, in the alternative, for an order quashing the return of service of the libel and citation on the grounds (a) that it is a Panamanian corporation and was not and is not subject to service of process within this district and (b) that, in any event, the method of service in this case was improper. Second, libelant moves, pursuant to Rule 32 of the Admiralty Rules of this court and Rule 26 (a), F.R.C.P., for leave to take the depositions of respondent and one American & Overseas Chartering Corporation upon the issues raised by respondent's motion.

The suit is brought to recover damages for alleged shortage of and damages to tallow delivered by libelant to respondent, for carriage from the United States to Genoa. On May 17, 1954 a United States Marshal served the citation and libel at the office of American & Overseas Chartering Corporation of 80 Broad Street, New York, N. Y. by delivering copies to one John Marcussen who says that he is Assistant Traffic Manager of that corporation. Respondent argues that Marcussen is not an officer, cashier, director or managing agent of Allseas, that American has never been appointed as a general or managing agent of Allseas and that no officer of American has been appointed or authorized to receive service of process for Allseas.

■ Initially it must be said that, in so far as respondent's motion is based on Rule 12(b), F.R.C.P., it cannot succeed. Rule 81(a) (1), F.R.C.P., expressly makes the Civil Rules inapplicable to proceedings in admiralty. Respondent points to no general or local admiralty rule which embodies the letter or spirit of Rule 12(b), F.R.C.P.

■ The alternative branch of respondent's motion rests upon respondent's assertions, above referred to, with respect to the relationship between it and American and Marcussen. These assertions are supported by affidavits and respondent urges that upon these affidavits I should determine the truth of the assertions and grant respondent's motion.

Libelant, in opposition to respondent's motion, offers a letter written to its proctors by Marcussen on the letterhead of American in which Marcussen says "We beg to advise that Allseas Navigation Co., Inc. is a Panamanian company for whom we were acting as agents at the time they had the 'Golden West' on time-charter." Libelant says also, and respondent does not deny, that the charter party by which respondent was in control of the vessel in which the tallow was carried, the Golden West, was signed in New York. This evidence submitted by libelant at least gives enough color to its opposition to respondent's motion to convince me that it would not be proper to decide respondent's motion on affidavits.

With the suit in this posture I believe that the proper disposition of the matter is as follows: Libelant's motion will be granted and decision on respondent's motion will be reserved pending submission to me by the parties of a record on the questions of the relationships between Allseas and American and Marcussen. See Blair Holdings Corp. v. Rubinstein, D.C.S.D.N.Y., 122 F.Supp. 602; Urquhart v. American-La France Foamite Corporation, 79 U.S.App.D.C. 219, 144 F.2d 542.

It is not yet necessary for me to decide the question raised with respect to the practice in admiralty where the service of original process is attacked.

Submit order on notice.