**IVANHOE TRADING CO., Inc., Libelant,**

v.

**M/S BORNHOLM, her engines, etc., A/B Kronvik Shipping Co. O/Y, Gunnar Erickson and Chas. Kurz Co., Respondents.**

United States District Court
S. D. New York.
June 19, 1957.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, for libelant.

Haight, Gardner, Poor & Havens, New York City, for respondents, A/B Kronvik Shipping Co. O/Y and Gunnar Erickson.

Kirlin, Campbell & Keating, New York City, for Chas. Kurz Co., appearing specially.

CASHIN, District Judge.

This is a suit in personam by Ivanhoe Trading Co., Inc., a New York corporation, a sub-charterer, against A/B Kronvik Shipping Co. O/Y, a Finnish corporation, and Gunnar Erickson, a Finnish citizen, owners of the M/S Bornholm, and the time charterer of the Bornholm, Charles Kurz Co., a Pennsylvania corporation, for loss of cargo sustained when the ship foundered and sank.

Two motions are considered herein. The first is by the owners to quash the service of citation on the ground that neither the corporation nor the individual does business within the State of New York and that the person upon whom service of citation was made is not the managing agent of either. The second motion is by the time charterer to quash the service of citation for lack of jurisdiction of the person.

The citation was purportedly served upon the corporate and individual owners by delivery to an individual in the Claims Department of "Skaarup Shipping Corporation" and upon the charterer by delivery to an individual in the office of "Kurz New York Agency".

■ A perusal of the charter party would seem to indicate that the individual named in the libel as the owner of the Bornholm is not really such since the owner is described therein as follows:— "A/B Kronvik Shipping Co. O/Y, (Gunnar Erickson, Mgr.)". In any event, personal jurisdiction over a non-resident natural person cannot be obtained merely by serving a corporation described as the individual's managing agent. Accord-

ingly, the motion to quash the purported service of citation upon Gunnar Erickson is granted.

■ The service of citation upon the corporate owner appears, however, to be valid. So long as the activities of a foreign corporation within the jurisdiction are systematic and regular, rather than sporadic, it is amenable to service of process therein;[1] and the recent cases in this District hold that a minimum amount of continuous activity in the State of New York is sufficient to subject a foreign corporation to suit in that State.[2]

■ The Bornholm was under time charter for a period of sixteen months to Chas. Kurz Co. Thus, the decision as to what activities, within the limits of the provisions of the charter party, the ship would engage in was entirely up to Chas. Kurz Co. Essentially all that remained for the owner to accomplish with respect to the ship was to provide and pay for all provisions, wages and consular shipping and discharging fees of the crew; pay for insurance and necessary stores and maintain the vessel. The benefit to the owner was the charter hire. To a large extent the accomplishment of the owner's obligations and the enjoyment of its benefits were effected in New York through Skaarup Shipping Corporation since Skaarup was to collect the monthly charter hire, retain a certain amount to be expended at the request of the master of the vessel, distribute commissions due and remit the balance to the owner. This activity commenced with the first charter hire due and would have continued for the entire life of the charter. I find such activity substantial and continuous enough to support the finding that the owner is present in New York.[3]

1. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95.

2. Healing v. Isbrandtsen Co., D.C.S.D. N.Y.1952, 109 F.Supp. 605; Satterfield v. Lehigh Valley Railroad Co., D.C.S.D. N.Y.1955, 128 F.Supp. 669; Rayco Mfg. Co. v. Chicopee Manufacturing Corporation, D.C.S.D.N.Y.1957, 148 F.Supp. 588.

3. Van Horn v. Waterman S.S. Corporation, D.C.E.D.Pa.1944, 71 F.Supp. 347; Arpad Szabo v. Smedvig Tankrederi A. S., D.C.S.D.N.Y.1951, 95 F.Supp. 519; Pinaud v. Dampskslsk Dania A/S, D.C. S.D.N.Y.1954, 122 F.Supp. 51.

■■ Even though many of the cases cite the fact that the ship called regularly at a port within the territorial jurisdiction of the forum as evidentiary of the owner's doing business in that jurisdiction, such calls are not an essential condition to the presence of the owner in the jurisdiction if, as here, other activities are substantial and continuous.[4] Nor does the fact that the ship had foundered and sunk and the charter was thus automatically at an end, terminate the presence of the owner. It is reasonable to assume that some of the hire remained to be collected or distributed at the time of the service of the citation only six days after the sinking, and this is sufficient to maintain the presence of the owner in the jurisdiction. Indeed, far less remaining activities might well suffice.[5]

■ It remains to be decided whether the citation was served upon the managing agent of the owner. This question is easily disposed of. Once it has been decided that the foreign corporation does business in the jurisdiction, it follows that the agent in charge of the activities evidencing such presence is a managing agent.[6] Here such an agent is Skaarup Shipping Corp.[7] Accordingly, the motion to quash the service of citation upon respondent, A/B Kronvik Shipping Co. O/Y, is denied.

■■ The motion of the Chas. Kurz Co. is on different grounds from that of the A/B Kronvik Shipping Co. O/Y.

The Chas. Kurz Co. denies doing business in New York but such denial seems to be contradicted by the sub-charter between it and the libelant since the sub-charter was executed in New York City by the Vice-President of Chas. Kurz Co. However, the libelant has made absolutely no showing that Kurz New York Agency has any connection whatsoever with Chas. Kurz Co. Rather, the very sub-charter in issue was effected not through the Kurz New York Agency but through International Freighting Corporation, Inc., 17 Battery Place, New York 1, N. Y. Even in the affidavit in opposition to the motion the attorney for the libelant states:—"I suspect it [Chas. Kurz Co.] is a New York agent." Thus, libelant virtually admits its failure to sustain its burden of showing that Chas. Kurz Co. is subject to process and has been properly served.[8] Based upon his suspicion and information libelant requests, on the authority of Bunge Corporation v. The Chunchi Ho,[9] leave to take the deposition of various persons for the purpose of establishing that Chas. Kurz Co. is present in New York and determining who its agent is. Even if it be conceded that this relief is available in a proper case, the facts alleged in the affidavit in opposition to the motion are insufficient to warrant a finding that the instant case is a proper one. Accordingly, the motion to quash the purported service of citation on Chas. Kurz Co. is granted.

Settle an order on each motion.

---

4. Allegue v. Gulf & South American S.S. Co., Inc., D.C.S.D.N.Y.1952, 103 F.Supp. 34.

5. French v. Gibbs Corporation, 2 Cir., 1951, 189 F.2d 787.

6. Allegue v. Gulf & South American S.S. Co., Inc., supra.

7. No question is raised by the moving party as to whether service upon the individual in the Claims Department of Skaarup Shipping Corp. was service upon the Skaarup Shipping Corp. and it is therefore assumed that such service was effective.

8. See Amtorg Trading Corporation v. Standard Oil Co. of California, D.C.S.D. N.Y.1942, 47 F.Supp. 466; and Mitchell v. The M. V. Wanderer, D.C.S.D.N.Y. 1954, 127 F.Supp. 540.

9. D.C.S.D.N.Y. 18 F.R.D. 445, 1955 A.M.C. 1999.