**GREEK TOURIST AGENCY, INC.,**
Plaintiff,

v.

**HELLENIC MEDITERRANEAN LINES CO., Ltd. and Home Lines Agency, Inc., Defendants.**

United States District Court
S. D. New York.
Nov. 8, 1961.

Sherman & Citron, New York City, for plaintiff.

Gray & Wythe, New York City, for defendant Hellenic Mediterranean Lines Co., Ltd.

MacMAHON, District Judge.

Defendant Hellenic Mediterranean Lines Co., Ltd., moves under Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A., to quash service of the summons and complaint and to dismiss this action on the ground that the court lacks jurisdiction over the person of Hellenic because it is a foreign corporation not doing business in this district.

This is an action for breach of an exclusive agency contract whereby Hellenic agreed to employ plaintiff as its exclusive agent in North America for booking passage on Hellenic's vessels until 1962. Plaintiff claims that Hellenic wrongfully cancelled the contract during its term and appointed Homes Lines Agency, Inc., in plaintiff's stead.

Hellenic is a Greek corporation, owning and operating ships plying ports in the Mediterranean, Adriatic and Aegean Seas. None touch American ports, and all are registered under the Greek flag. Hellenic does not maintain an office in the district, nor does it have any employees located here.

Attempted service on Hellenic was made by leaving a copy of the summons and complaint at the New York City office of Home Lines, a New York corporation. Home Lines is Hellenic's exclusive agent for the sale of tickets for passenger and vehicle transportation on Hellenic's vessels. Home Lines solicits business, advertises, sends out tariff schedules, brochures and time tables, and maintains listings in telephone and business directories. Home Lines books passage, after receiving confirmations from Hellenic's office in Greece, receives payment, deducts its commission, and forwards the balance to Hellenic or its designee. These activities add up to nothing more than the solicitation and sale of tickets within the district.

Although there is some dispute in the affidavits, it seems clear that Hellenic holds out Home Lines as its exclusive agent in the United States. The most that can be said, however, is that Home Lines performs the function of Hellenic's local ticket office. Patently, the situs of Hellenic's steamship business is the Mediterranean. That is where it conducts its business of carrying passengers and cargo.

Mere solicitation of passengers and cargo by an agent of a foreign steamship company whose ships never touch American ports does not constitute doing business within the district so as to render the foreign corporation amenable to process. Green v. Chicago, Burlington & Quincy Ry., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916 (1907); MacInnes v. Fontainebleau Hotel Corp., 257 F.2d 832 (2 Cir., 1958); Kelly v. Three Bays Corporation, 173 F.Supp. 835 (S.D.N.Y.1959); Miller v. Surf Properties, 4 N.Y.2d 475, 176 N.Y.S.2d 318, 151 N.E.2d 874 (1958).

In the MacInnes case, supra, our Court of Appeals held that a Florida resort hotel was not doing business here even though it maintained its own office in New York City, employed three people, solicited patrons, booked and confirmed reservations, kept a bank account, and

**8**

was listed in the telephone and business directories. A fortiori, the same activities by an exclusive agent of a foreign corporation are not enough to subject the foreign corporation to process within the district.

Plaintiff urges that there is more here than mere solicitation because the asserted liability arose out of activities occurring within the forum. Cf. McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) and French v. Gibbs Corporation, 189 F.2d 787 (2 Cir., 1951). The contract in suit, however, was made in Greece and written in the Greek language. Although the principal situs of plaintiff's services was New York City, the claim is for breach of an agency contract and not one for breach of a contract resulting from Hellenic's only activities within the forum— the solicitation and sale of passenger or cargo tickets.

Accordingly, defendant Hellenic's motion to quash service of the summons and complaint and to dismiss the action is granted. So ordered.